**Norman Devane DENSMORE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 49567.**

Court of Criminal Appeals of Texas.

Feb. 26, 1975.

**440**

Richard E. Banks and Bennie R. Juarez, Dallas, for appellant.

Gene Knize, County Atty., Joe F. Grubbs, Asst. County Atty., Waxahachie, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

ODOM, Judge.

Appellant was convicted of driving while intoxicated; punishment was assessed at a $150 fine and confinement in the county jail for three days.

In his single ground of error appellant contends the trial court erred in refusing to allow his counsel to question a prospective juror as to his personal drinking habits, to enable him to effectively exercise his peremptory challenges. The complete voir dire of the jury is not in the record before us. The complaint is raised by a bill of exception, which was qualified by the following statement: "the Court did permit interrogation of the jurors regarding any moral opposition they might have to the drinking or the consumption of alcohol and the type of questions prohibited was only those questions relating to the personal drinking habits of individual ju-

rors." On the record before us we are unable to say that the questions denied were anything other than a restatement of the type of question permitted, according to the court's qualification of the bill. See Burkett v. State, Tex.Cr.App., 516 S.W.2d 147; Grizzell v. State, 164 Tex.Cr.R. 362, 298 S.W.2d 816, 822. Alternatively, if the form of the question sought to be asked and of the questions permitted was sufficiently distinct as not to be restatements of the same type of question, we find the restriction of inquiry into personal habits of jurors (for the purpose of exercising peremptory challenges) as opposed to an inquiry into personal prejudices or moral beliefs, was not, in this case, such as would constitute an abuse of discretion. The ground of error is overruled.

Finding no reversible error, the judgment is affirmed.