John L. ABRON, Appellant,

v.

The STATE of Texas, Appellee.

No. 49698.

Court of Criminal Appeals of Texas.

April 23, 1975.

Rehearing Denied June 18, 1975.

James A. Mills, Jr., Court appointed, Dallas, for appellant.

Henry Wade, Dist. Atty., John H. Hagler, Frank Watts, Joh Sparling and Stephen P. Tokoly, Asst. Dist. Attys., Dallas, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

ODOM, Judge.

Appellant was convicted for the offense of rape; punishment, death, commuted to life imprisonment.

In his first ground of error, appellant contends the trial court erred in refusing to permit him to ask prospective jurors certain questions regarding the existence of racial prejudice. The appellant was black and the victim was white. Appellant asserts he was injured as a consequence of

such refusal because he could not intelligently exercise his peremptory challenges.[1]

The voir dire of the jury panel is before us for review. The record shows that appellant was permitted to ask general questions of the jury panel such as whether they would be influenced by the fact that appellant was black, but he was not permitted to question the veniremen regarding possible race prejudice. Then, counsel for the appellant tendered to the court several questions that he wanted to ask each prospective juror. Among those questions were the following:

" . . . would the fact then that this defendant is a Negro and the complaining witness a white woman, if this is the situation, cause you to have a bias or prejudice against the defendant? Would this bias or prejudice affect your fair and impartial consideration of the evidence in determining whether or not the State has proven the defendant guilty beyond a reasonable doubt? Would this bias or prejudice affect your fair and impartial consideration in determining what the proper punishment should be in this case? Can we assume that this bias or prejudice against the defendant would not be present if the evidence were that the complaining witness was another Negro, or that the defendant was a white person? . . ."

After a discussion of what type questions would be permitted, appellant's counsel requested the court to clarify whether he could inquire into:

"Whether or not there would be a difference in their mind in either the guilt or innocence or punishment, the fact that he's a Negro and she's white?"

to which the court responded:

"That's specifically what I don't want you to ask. . . ."

The State argues that the general questions permitted by the trial court regarding race prejudice constituted a sufficient inquiry into the matter, fully complying with Alderidge v. United States, 283 U.S. 308, 51 S.Ct. 470, 75 L.Ed. 1054 (1931) and Ham v. South Carolina, 409 U.S. 524, 93 S.Ct. 848, 35 L.Ed.2d 46 (1973). Both *Alderidge* and *Ham* were reversed for failure of the trial court to ask prospective jurors questions requested by defense counsel regarding race prejudice.

■ The cases of *Alderidge* and *Ham* were decided in the context of a jury selection procedure in which it was the duty of the judge to ask questions of the potential jurors. The issue in both cases was whether the judge's refusal to ask questions requested by counsel for the defendant violated the due process clause of the Fourteenth Amendment. In Texas, both counsel for the defendant and for the State are entitled to directly question the jury on voir dire. Plair v. State, 102 Tex.Cr.R. 628, 279 S.W. 267. This procedural difference is the consequence of the defendant's right to counsel guaranteed by Article 1, Section 10 of the Bill of Rights to the Texas Constitution, Vernon's Ann. St. E. g., Burkett v. State, Tex.Cr.App., 516 S.W.2d 147; De La Rosa v. State, Tex.Cr.App., 414 S.W.2d 668; Mathis v. State, 167 Tex.Cr.R. 627, 322 S.W.2d 629. In addition, this right is afforded statutory protection under the provisions of Article 35.17, Vernon's Ann.C.C.P.,[2] which governs

---

1. The United States Supreme Court, speaking through the first Mr. Justice Harlan, said the right to challenge is "one of the most important of the rights secured to the accused" and that "[a]ny system for the empanelling of a jury that prevents or embarrasses the full, unrestricted exercise by the accused of that right must be condemned." Pointer v. United States, 151 U.S.

396, 408, 14 S.Ct. 410, 414, 38 L.Ed. 208 (1894).

2. "Art. 35.17 Voir dire examination
 "1. When the court in its discretion so directs, except as provided in Section 2, the state and defendant shall conduct the voir dire examination of prospective jurors in the presence of the entire panel.

the manner in which the right is to be exercised.

Questions asked of potential jurors are to enable intelligent exercise of peremptory challenges and to establish a basis for a challenge for cause. In *Mathis,* supra, 322 S.W.2d at page 631, this Court said:

"It has been long the holding of this court that the constitutional guarantee of the right to be represented by counsel (Bill of Rights, Art. 1, Sec. 10, Vernon's Ann.St.Const.) carries with it the right of counsel to interrogate the members of the jury panel to the end that he may form his own conclusion, after his personal contact with the juror, as to whether in counsel's judgment he would be acceptable to him or whether, on the other hand, he should exercise a peremptory challenge to keep him off the jury. . . ."

■ Applying the constitutional principles discussed in *Alderidge, Ham,* and the decisions of this Court, when it is contended that a question was not permitted which would have enabled the intelligent exercise of peremptory challenges, both the requirements of the Due Process Clauses of the United States Constitution and the right to counsel guaranteed by the Texas Constitution must be satisfied. Therefore, even if the State's contention is valid that the action of the trial court complied with *Alderidge* and *Ham,* there remains the issue of whether our constitutional and statutory standards were met.

"2. In a capital felony case, the court shall propound to the entire panel of prospective jurors questions concerning the principles, as applicable to the case on trial, of reasonable doubt, burden of proof, return of indictment by grand jury, presumption of innocence, and opinion. Then, on demand of the State or defendant, either is entitled to examine each juror on voir dire individually and apart from the entire panel, and may further question the juror on the principles propounded by the court."

■ Not every restriction of the conduct of the jury voir dire infringes upon a defendant's right to effective assistance of counsel. This Court has consistently held that the trial court has wide discretion over the course of the voir dire of the jury panel.[3] E. g., Hernandez v. State, Tex. Cr.App., 508 S.W.2d 853; 35 Tex.Jur.2d, Jury, Sec. 117. (1) Reasonable time limits may be placed on the voir dire examination. Barrett v. State, Tex.Cr.App., 516 S.W.2d 181; De La Rosa v. State, supra; Plair v. State, supra. (2) Repetitious or vexatious questioning may be prevented. Smith v. State, Tex.Cr.App., 513 S.W 2d 823; cf. Grizzell v. State, 164 Tex.Cr.R. 362, 298 S.W.2d 816. See also Ham v. South Carolina, 409 U.S. 524, 93 S.Ct. 848, 35 L.Ed.2d 46 (1973). (3) Questions asked in an improper form may be disallowed. E. g., Hernandez v. State, supra; Hunter v. State, Tex.Cr.App., 481 S.W.2d 137. And (4) the court may restrict inquiry into the personal habits of jurors as opposed to inquiry into personal prejudices or moral beliefs. Densmore v. State, Tex.Cr.App., 519 S.W.2d 439. Furthermore, prejudice or injury must be shown to demonstrate reversible error when the right to propound questions on jury voir dire is restricted. Hernandez v. State, supra; Burkett v. State, supra.

An issue similar to the one before us was presented long ago in Fendrick v. State, 39 Tex.Cr.R. 147, 45 S.W. 589 (1898).[4] There a black man had allegedly murdered a white man. The trial court allowed general questions but refused to per-

3. The exercise of this discretion, however, "does not embrace the right to deny the privilege of having counsel examine the veniremen." Plair v. State, supra, 279 S.W. at 269. "The discretion is abused when a proper question about a proper area of inquiry is prohibited." Smith v. State, Tex. Cr.App., 513 S.W.2d 823, 827.

4. Cf. also Lester v. State, 2 Tex.App. 432 (1877).

mit the defendant's counsel to ask members of the venire a question probing for a particular type of racial prejudice. This Court said:

"The tendency of this question was simply to probe the consciences of the respective jurors to ascertain whether or not they had any prejudice against appellant, he being a negro, and having killed a white man, under the peculiar circumstances of the case; and, in our opinion, the court should have permitted the jurors to answer the question. If the answer had not shown prejudice on the part of said jurors, or any of them, still it may have furnished appellant some basis upon which he might have exercised his right more intelligently to avail himself of his peremptory challenges."

As in *Fendrick,* counsel in the instant case was permitted to ask general questions regarding race prejudice, but the court did not allow him to ask more specific questions presenting the matter of prejudice upon the very issue involved in the case. Answers to the more specific questions regarding racial prejudice would have been valuable to appellant because they could have furnished a basis for the intelligent exercise of peremptory challenges. Deprivation of this valuable right is a showing of injury sufficient to necessitate reversal. Fendrick v. State, supra. Cf. Burkett v. State, supra. The appellant was prevented from asking questions essential to the intelligent exercise of his peremptory challenges.

For the reasons stated, the judgment is reversed and the cause remanded.

DOUGLAS, Judge, concurs in the result.

MORRISON, Judge (concurring).

While I agree that this conviction cannot stand, I feel impelled to say a word in defense of the trial judge.

It appears to me that the situation in the case at bar arose from a failure to communicate between counsel and the trial court and that the trial court was laboring under the impression that counsel for appellant was attempting to commit the venire to a course of conduct prior to trial. To illustrate, at one point during the discussion about what questions concerning racial prejudice counsel would be permitted to ask, the trial court stated:

"Let the record reflect that the Court has instructed the defense attorney not to predicate questions with phrases such as 'if the evidence should show', setting up different fact situations, and asking the jurors to compare fact situations, where they would give certain punishment if certain facts were shown to be true. The Court would further indicate to the defense attorneys that they are free to ask general questions, such as whether or not the fact that the defendant is a black man would affect their verdict, etc. The Court will not permit comparison of fact situations. In regard to questions he proposes to ask in regard to the prejudice they may have against the defendant because he's a Negro and the complaining witness is a white person, the Court's ruling is as stated. You can ask them if they have any prejudice, but I don't want you to ask whether or not they would give more or less punishment. You can ask general questions, if they would be prejudiced by that situation. I will permit that."

It can further be observed that counsel for appellant was permitted to ask such questions as "Would you have any prejudice against the defendant because he is a colored male or can you assure me you will judge him on the facts of this case irregardless of the color of the complaining witness?"

I reluctantly concur.