Raul DE LA GARZA, Appellant,

v.

The STATE of Texas, Appellee.

No. 04–81–00334–CR.

Court of Appeals of Texas, San Antonio.

March 23, 1983.

Rehearing Denied April 15, 1983.

verdict. The trial court denied appellee's trial amendment.

Juan Martinez Gonzales, Beeville, for appellant.

Stella Saxon, Asst. Dist. Atty., Karnes City, for appellee.

Before ESQUIVEL, BUTTS and DIAL, JJ.

## OPINION

BUTTS, Justice.

This is an appeal from a conviction for attempted capital murder. The jury found appellant guilty and assessed punishment at sixteen (16) years confinement in the Texas Department of Corrections. We affirm the judgment.

Officer Daniel Esparza of the Kenedy Police Department answered a disturbance call on September 6, 1980. Arriving at the location about 4:00 a.m., he stated he saw several people in the bar ditch and street outside a mobile home. He testified that some of them, including the appellant, were intoxicated. A dice game was in progress inside the mobile home. When he was unable to disperse the group, he returned to his patrol car to call for assistance. He testified appellant was drunk and that he attempted to place him under arrest. As the officer held appellant's arm, appellant "took his right hand and hit me up beside the head, up beside the face.... [W]e was wrestling." Esparza struck appellant with his flashlight, and appellant took the flashlight from him. Two other men at the scene rushed over and knocked the officer to the ground. Someone took his gun; Esparza was severely beaten with the gun and flashlight. Hospitalization was required for treatment of wounds on his head and hand; surgery was performed as the result of a broken bone in his hand.

Appellant brings twenty grounds of error. He first argues that the trial court had no authority to select the county to which the case was removed on appellant's

motion for change of venue. Tex.Code Crim.Pro.Ann. art. 31.03 (Vernon Supp. 1982). The trial court granted the appellant's motion to remove the case from Karnes County. The judge said, "I will change venue to any county in this district which the defendant wants . . ." No particular county was selected at that hearing although many were mentioned. Appellant argues that venue should have been placed in La Salle County. At the hearing on the change of venue, which the State did not contest, it was the trial judge who first mentioned La Salle County. Appellant did not press for that particular county, and the issue ended with the open question of a location in the judicial district. On a later date appellant's attorney received a letter informing him venue would be in Wilson County.

Appellant complains that the trial court changed venue on its own motion. Tex.Code Crim.Pro.Ann. art. 31.01 (Vernon 1966). We do not agree. Also appellant assumes that a defendant has the constitutional right to choose the particular county to which his case is removed by the court. This right is not to be found in the venue statutes. Appellant was not entitled to select the county for trial. *Cherry v. State,* 488 S.W.2d 744, 750 (Tex.Cr.App.1973). The action of removing the case to another county in the judicial district resulted from appellant's motion for change of venue. We hold the trial court's action was controlled by the provisions of article 31.03 and article 31.01 was not invoked.

In this connection we add that if appellant had grounds, as enunciated in article 31.03, to complain of venue in Wilson County, his remedy at that time was to file his motion for change of venue from Wilson County to another. *Cherry v. State, supra,* at 749–750. *See* n. 2. The ground of error is overruled.

Appellant moved the trial court to quash the indictment against him, asserting the grand jury which indicted him in 1980 was improperly impaneled. Additionally he claims there has been substantial underrepresentation of Mexican-Americans on grand juries in Karnes County for the past twenty years.

The method of selection of grand juries was amended in Texas in 1979, Tex.Code Crim.Pro.Ann. art. 19.01(a), (b) (Vernon Supp.1982). It is agreed by the parties that article 19.01(b), *supra,* was the method of selection of grand jurors in this case. This is the jury wheel method. Article 19.01(b) provides;

> In lieu of the selection of prospective jurors by means of a jury commission, the district judge may direct that 20 to 50 prospective grand jurors be selected and summoned, with return on summons, in the same manner as for the selection and summons as panels for the trial of civil cases in the district court. The judge shall try the qualifications for and excuses from service as a grand juror and impanel the completed grand jury in the same manner as provided for grand jurors selected by a jury commission.

Governing this selection system are those statutes pertaining to jury panel selection in civil trials. Tex.Rev.Civ.Stat.Ann. art. 2094 *et seq.* (Vernon Supp.1982). This eliminates the "key man" system and its possible appurtenant evils. *See Partida v. Castaneda,* 524 F.2d 481 (5th Cir.1975), *aff'd* 430 U.S. 482, 97 S.Ct. 1272, 51 L.Ed.2d 498 (1977).

The method of selection used in the present case has been upheld. *United States v. Arlt,* 567 F.2d 1295, 1297 (5th Cir.), *cert. den'd* 436 U.S. 911, 98 S.Ct. 2250, 56 L.Ed.2d 412 (1978). The Court of Criminal Appeals upheld the jury wheel method of selecting Texas petit jury panels in criminal cases in *Shelby v. State,* 479 S.W.2d 31 (Tex.Cr.App.1972). Because article 19.01(b) utilizes the same method when grand jurors are selected, we find the *Shelby* reasoning applicable in this case and hold that no constitutional violation in the method of selection of grand jurors in this case has been shown.

Even when the voter registration list may not on its face represent a proportionate cross section of the community, the jury wheel method has been upheld. *United*

*States v. Goff,* 509 F.2d 825, 827 (5th Cir. 1975). Although only one Mexican-American and one black served as members of the grand jury which indicted appellant, there is nothing to indicate intentional discrimination. Further the record does not disclose how many Mexican-Americans may have been excused from service by the trial court.

■ Since the jury wheel method of selection has been employed in this case, the composition of the grand juries shown by appellant for the eighteen years previous to the subject grand jury has no relevance to the constitutionality of the controlling statute. Art. 19.01(b), *supra.* It appears from the evidence that the "key man" system used in Karnes County in earlier years did produce a disparity of representation on grand juries between Mexican-Americans and other recognizable groups. Had that same system been utilized in the present case, the figures introduced by appellant would have been relevant. *Espinoza v. State,* 604 S.W.2d 908, 909–910 (Tex.Cr.App. 1980). We hold that the trial court correctly overruled the motion to quash the indictment for systematic exclusion of Mexican-Americans from the grand jury which indicted him and overrule the ground of error.

In his third ground of error appellant asserts the trial court erred by not appointing a medical expert to conduct a mental examination of him. Appellant's affidavit supporting the motion states that he was indigent and that he might be suffering from a personality or behavioral instability. The alleged offense occurred in September 1980 and appellant requested a mental examination in November 1980, which was denied. In his motion he indicated the insanity defense would be raised by him at trial. It is appellant's contention that he suffered from a sleep deprivation and a blow to the head at the time of the alleged offense.

■ In a related argument, his fifteenth ground of error, appellant charges the court erred by not submitting a defensive jury instruction on insanity. An instruction en-compassing a defendant's defensive theory, such as insanity at the time of the offense, must be given if the evidence raises the defensive issue. *Montgomery v. State,* 588 S.W.2d 950, 953 (Tex.Cr.App.1979). Tex.Penal Code Ann. § 8.01 (Vernon 1974). In this case the evidence, including appellant's testimony, demonstrated that he had been drinking and that he was "acting out of control"; he also testified he was confused and hurt after the officer struck him on the head with his flashlight.

■ Tex.Code Crim.Pro.Ann. art. 46.03 (Vernon 1979) provides, in part:

Section 1. (a) The insanity defense provided in Section 8.01 of the Penal Code shall be submitted to the jury only if supported by competent evidence.

\* \* \* \* \* \*

In the present case the trauma of a blow to the head by the officer's flashlight may have rendered the appellant dazed, but there is no evidence to indicate that he either did not know that his conduct was wrong or that he was incapable of conforming his conduct to the requirements of the law. Section 8.01, *supra.* On the issue of insanity the defendant has both the burden to produce and the burden to persuade by a preponderance of the evidence. Once the defendant has accepted these burdens and adduced evidence, then sanity becomes an issue. *Madrid v. State,* 595 S.W.2d 106, 111 (Tex.Crim.App.1980), *cert. den'd.* 449 U.S. 848, 101 S.Ct. 134, 66 L.Ed.2d 58 (1980). Even if medical testimony had confirmed his contention that he was "sleep deprived," confused, intoxicated and "out of control," this would not be sufficient to justify a jury charge on the defense of insanity. *Compare Hurd v. State,* 513 S.W.2d 936 (Tex.Cr. App.1974) and *Stanley v. State,* 471 S.W.2d 72 (Tex.Cr.App.1971) on the matter of raising the issue of insanity as a defense. Given the dearth of evidence here, we hold the trial court correctly refused to submit the requested issue.

■ To support his motion for a mental examination of appellant by a court-appointed medical expert, appellant produced

no evidence of mental illness indicating the need for the examination. Further, he specifically stated to the court that this was not a motion for a competency hearing; competency to stand trial was never raised in the proceedings by appellant. Article 46.03 § 3(a) provides that if notice of intention to raise the insanity defense is filed, the court *may* appoint disinterested experts in mental health to examine the defendant with regard to the insanity defense. This is a discretionary decision for the court. *Dinn v. State,* 570 S.W.2d 910, 915 (Tex.Cr.App. 1978). In examining the sparse statements by counsel at the pretrial hearing regarding his client's mental condition [behavioral or personality instability, sleep deprivation, blow to the head, etc.], we find the court did not abuse its discretion in refusing to appoint a medical expert.

In still another related argument, ground of error fourteen, appellant argues the trial court erred in failing to submit his requested jury instructions on specific intent and the mental state of diminished capacity. Because the blow to the head, appellant reasons, caused diminished capacity, he was incapable of forming the culpable mental state required by the indictment as necessary to prove the offense of attempted capital murder. The defense of diminished capacity has not been recognized by the Texas Legislature nor by the courts. We must look to Tex.Penal Code Ann. § 6.03(a) and (b) (Vernon 1974). It is well settled that a person acts intentionally with respect to the nature of his conduct or to a result of his conduct when it is his conscious objective or desire to engage in the conduct or cause the result. § 6.03(a), *supra. Beltran v. State,* 593 S.W.2d 688, 689 (Tex.Cr.App.1980). Appellant argues the evidence does not show he had the mental capacity, culpability, or intent to commit the offense. We do not agree. Additionally we find there was sufficient evidence for a jury to reasonably conclude that appellant was aware of the nature of his conduct and was aware that severely beating the police officer could result in serious bodily injury, or even death. § 6.03(b) *supra. Gonzales v. State,* 532 S.W.2d 343, 344

(Tex.Cr.App.1976). The court's instruction to the jury as to the culpable mental state of appellant tracked the provisions of § 6.03(a)(b), *supra.* The requested instruction was correctly refused. Grounds of error three, fourteen, and fifteen are overruled.

Appellant next urges the court erred by not ruling on each paragraph in his motion in limine specifically. The forty paragraphs refer to anticipated improper remarks or actions by the prosecutor, such as improper questions and introduction of evidence. Upon consideration of the motion in limine, the trial court stated:

... I think most of your motions ... deal with matters of fair play in the courtroom, and I think the Court is going to instruct the District Attorney, of course as far as anything that might be harmful to the Defendant, such as a prior criminal record, or such, to approach the bench before going into matters, to be sure that, you know, it's admissible before anything gets before the jury.

It is established law that a motion in limine alone will not preserve error. A defendant must object to the offer of evidence and obtain an adverse ruling at the trial. *Basham v. State,* 608 S.W.2d 677, 679 (Tex.Cr. App.1980). Appellant points to no specific objection to evidence made at the trial; no harm has been shown. Ground of error four is without merit.

In six grounds of error appellant argues he should have been permitted to ask these questions to prospective jurors on voir dire examination:

1. How many of you feel that Courts are too soft on crime?
2. How many of you ladies ever dated a police officer?
3. Now suppose you felt deep down in your hearts that my client was guilty, but that the State had not proved their case beyond a reasonable doubt, how many of you could find my client not guilty?
4. How many of you think it is morally wrong to drink alcoholic beverages?
5. How many of you think it is morally wrong to gamble?

6. How many of you agree with the statement that Mexican-Americans are more likely to commit violent crimes than other types of people?

The trial court rephrased and asked the third question in a modified form. As to the others, which the trial court refused to allow, we state first that the court may direct the course of voir dire of prospective jurors. *Abron v. State,* 523 S.W.2d 405, 408 (Tex.Cr.App.1975). The court's decisions to control the voir dire will not be disturbed on appeal except for an abuse of discretion. *See e.g., Johnson v. State,* 467 S.W.2d 247, 253 (Tex.Cr.App.1971).

The trial court may restrict inquiry into the personal habits of jurors as opposed to inquiry into personal prejudices or moral beliefs. *Densmore v. State,* 519 S.W.2d 439, 440 (Tex.Cr.App.1975). Question two is such an example. The trial court suggested that question six be framed to inquire about prejudice or bias, but appellant did not pursue the matter. Questions in an improper form may be disallowed. *Hernandez v. State,* 508 S.W.2d 853, 854 (Tex.Cr.App.1974). Not every restriction of questioning by a defendant at voir dire infringes upon constitutional rights of the defendant. The trial court has wide discretion. *Abron v. State,* at 408. Furthermore, if there is restriction, injury must be shown to demonstrate reversible error. *Hernandez v. State,* at 854. We hold in the circumstances of this case that appellant has not shown injury resulting from the restriction and was not denied a fair opportunity to interrogate prospective jurors on matters which would enable him to challenge them intelligently. There was no abuse of discretion. Grounds of error five, six, seven, eight, nine, and ten are overruled.

Over appellant's objection, officer Esparza's pistol was admitted in evidence. After identifying the pistol as his, the officer testified it was not in working order because the trigger guard was bent. The pistol bore evidence of bloodstains. Appellant's objection was twofold: that the indictment alleged use of a flashlight in the assault,

not a gun, and that proper chain of custody had not been established. He argues the State should not have been permitted to introduce the gun in evidence.

Physical evidence, such as the gun, may be admissible if it is relevant to the proof of the offense, and its relevancy is not outweighed by prejudicial effects. An object which is part of the offense (sometimes called "*res gestae* of the offense") is admissible in evidence. The weapons with which the crime was committed, or alleged to have been committed, are admissible. *Wilson v. State,* 163 Tex.Cr.R. 202, 289 S.W.2d 597, 599 (Tex.Cr.App.1956). The general rule is that an offense does not occur in a vacuum and it is proper to admit evidence of the surrounding facts. *Nelson v. State,* 511 S.W.2d 18, 22 (Tex.Cr.App. 1974).

The officer identified the pistol by the markings on the handle and the silver tip on the foresight. He testified he was carrying the pistol at the time of the event. If the object can be easily identified, further proof of chain of custody is not required in absence of a showing the item had been tampered with. *Atkins v. State,* 515 S.W.2d 904, 906 (Tex.Cr.App.1974). Further, we find that no showing of chain of custody was required in this case since the pistol belonged to the officer and was positively identified by him. *See Anderson v. State,* 504 S.W.2d 507, 510 (Tex.Cr.App. 1974). We overrule the contentions in ground of error eleven.

Appellant next complains that the State painted a false picture of the facts to the jury by using perjured testimony of officer Esparza. He points to the differences between the testimony of Esparza at an examining trial and the trial before the jury as denoting perjured testimony and a false picture. Certainly if a prosecutor does present a false picture at trial and does fail to correct that false impression, reversal should result. *See generally, Williams v. State,* 513 S.W.2d 54 (Tex.Cr.App.1974). In the present case, however, we perceive no perjured testimony. *Nelson v. State, supra* at 21. Further, the trial court permitted

extensive cross-examination of the officer by appellant, covering the examining trial testimony, other pretrial testimony, and a statement given by Esparza. The twelfth ground of error is without merit.

In ground of error thirteen appellant urges the trial court erred by not granting an instructed verdict. At the close of the evidence appellant made a "partial motion" for an instructed verdict. As basis he claimed the State had failed to prove appellant had "that state of mind that is required for one to intentionally and knowingly try to kill a police officer. . . ." This contention has been addressed by this court counter to appellant's ground, *supra,* (diminished capacity). The question whether the appellant acted intentionally and knowingly was considered and found adversely to appellant by the jury. The jury is the exclusive judge of the credibility of the witnesses and the weight to be given their testimony. We have examined the entire record and find there is ample evidence to support the jury finding of the necessary culpable mental state. The ground of error is overruled.

Appellant argues, in ground of error sixteen, that his requested charge defining reasonable doubt should have been given to the jury. The term "reasonable doubt" is not normally defined in a Texas criminal case. *Whitson v. State,* 495 S.W.2d 944, 946 (Tex.Cr.App.1973), and cases cited therein. After examining the subject charge as a whole and ascertaining that it provides guidance to the jurors by traditional and accepted reasonable doubt instructions, and noting further that this is not a circumstantial evidence case, [*See generally* the discussions by members of the Court of Criminal Appeals in *Hankins v. State,* No. 60,694, March 1, 1983, on State's motion for rehearing (not yet reported) ] we overrule the ground of error.

Next, in ground of error seventeen, appellant refers to a requested jury instruction on impeachment of witnesses. The requested instruction was a general limiting one, but it did not refer to any specific witness or witnesses whose impeached testi-

mony was not to be considered as tending to establish the guilt of appellant. The trial court charged the jury they were the judges of the credibility of the witnesses. Like the court in *Minor v. State,* 476 S.W.2d 694, 696 (Tex.Cr.App.1972), faced with a similar contention, we perceive no error.

In his next ground of error appellant complains that his requested instruction to the jury on exculpatory statements made by State's witnesses should have been given. In his brief he names two State's witnesses and points to exculpatory statements made by them. However, the requested charge names no specific witness. Moreover, it is not error to fail to charge on exculpatory statements introduced by the State where the accused testifies to substantially the same facts contained in the exculpatory statements, as in this case, and the defensive theory is adequately presented to the jury in the court's charge. *Pogue v. State,* 474 S.W.2d 492, 495 (Tex.Cr.App. 1971). We find the charge did adequately present the defensive theories of appellant in this case and overrule ground of error eighteen.

Next, stating that his motion for new trial should have been granted, appellant relies on a juror's failure at voir dire to disclose he knew officer Esparza. At the motion hearing the juror indicated he had never seen Esparza before the day he was selected as a juror; that he had exchanged words with him briefly prior to the selection; that he did not connect the name, Danny Esparza, with the man until he saw Esparza on the witness stand. Appellant cites no authority for his argument. We find ground of error nineteen to be without merit.

In his final ground appellant decries the denial of his post-trial motion based on Tex.Rev.Civ.Stat.Ann. art. 1920 (Vernon 1964), for a special grand jury and prosecutor to investigate the "perjured testimony" of certain officers at the trial. He cites no authorities and makes no argument to show this court why the trial court's denial of the motion should prompt a rever-

sal in this case. We find no merit in the allegation.

The judgment is affirmed.