

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-11-00293-CR

JAMES LYNN ENOCHS                                                    APPELLANT

V.

THE STATE OF TEXAS                                                         STATE

----------

### FROM THE 355TH DISTRICT COURT OF HOOD COUNTY

----------

## MEMORANDUM OPINION[1]

----------

### Introduction

Appellant James Lynn Enochs appeals his jury convictions for assault family violence and sexual assault. In his sole point, Appellant asserts that the trial court abused its discretion by not allowing him to inquire into the "possibly tainted minds of the prospective jury members." We affirm.

---

[1]*See* Tex. R. App. P. 47.4.

**Factual and Procedural Background**[2]

The Hood County grand jury indicted Appellant on one count of family violence strangulation of his girlfriend, MGK, and one count of sexually assaulting MGK, using physical force or threats of force.[3]  The indictment included an enhancement paragraph for each offense, elevating the punishment for the first count to a first-degree felony and the punishment for the second count to an automatic life sentence.[4]

During jury selection, the prosecutor explained to the jury panel that "if a defendant commits a felony and goes to — goes to prison for a felony, gets out of prison, and then commits a second degree felony, the punishment is enhanced to that of a first degree felony.  Now it's no longer two to 20; it's five to 99 years or life in prison."  The prosecutor also explained that if "[y]ou have a person who — a defendant that commits these two offenses, one or the other, aggravated sexual assault or sexual assault, goes to the penitentiary, gets out of the penitentiary, and once they're out, they commit a sexual assault.  If the jury hears that, the punishment is life in prison."  The prosecutor then asked the jury panel to share their thoughts about whether they could consider the full range of punishment, emphasizing that "it's hard to answer the question now because you

---

[2]The reporter's record in this case is limited to jury selection.

[3]*See* Tex. Penal Code Ann. §§ 22.01, 22.011 (West 2011).

[4]*See id.* §§ 12.42(b), 12.42(c)(2) (West Supp. 2011).

don't know what the facts are. It could be as little as two years in prison or all the way up to life in prison, depending on what you hear at the punishment phase of the trial."

Following the prosecutor's voir dire, Appellant's trial counsel began the following line of questioning:

> Q. [Defense Counsel]: Now [Ms. Juror], do you believe [Appellant] has previously been convicted of a crime?
>
> A. [Ms. Juror]: I don't know anything about him.
>
> Q. Do you believe that he's previously been to the penitentiary?
>
> A. I don't know. I don't know anything about him.
>
> Q. [Mr. Juror], how about you? Do you believe he's been previously convicted of a crime?
>
> A. With what I've seen presented, it's leaning that way, yes.
>
> Q. All right. Do you believe he's previously been to the penitentiary?
>
> A. I don't know.
>
> Q. Okay. Now, when the evidence is being heard up there on the stand, are those factors that are going to be going through your mind as that evidence is presented?
>
> A. Probably so.
>
> Q. All right. So it's your belief that there are already facts that have been established in this case?
>
> A. Certainly sounds like it.[5]

---

[5]The trial court subsequently struck this prospective juror for cause.

Q. *Despite any instructions you received from somebody, do you believe that's —*

[State]: Your Honor, could we approach?

THE COURT: You may.

A bench conference was held but not recorded. After the bench conference, Appellant's counsel resumed voir dire by pursuing an unrelated line of questioning.

Before the presentation of evidence the next day, the following dialogue occurred:

[Defense counsel]: Yesterday during my voir dire, I had a line of questioning where I was questioning jurors about whether they had developed a belief in certain facts following the State's voir dire, and the State did object to that, and I don't think the court reporter got your ruling on that on the record, and I just wanted to make the record clear that you did sustain the State's objection, and I'm not really clear about what the grounds were.

THE COURT: All right. The objection was sustained, correct.

[Defense counsel]: And what [were] the state's grounds for that objection. Your Honor?

THE COURT: Well, you'd have to ask the District Attorney to repeat that. I'm certainly not going to speak for the District Attorney.

[Defense counsel]: Well, I was trying to get the record clear. What [were] the grounds for your objection to my voir dire questioning yesterday?

[State]: Well, you were telling the panel the facts of the case impermissibly and then trying to exercise a challenge for cause because they knew too much about the case was my objection.

4

The jury convicted Appellant on both counts of the indictment and assessed his punishment at life in prison on the first count and an automatic life sentence on the second count.

**Analysis**

Appellant acknowledges that the State may inform the jury panel of the applicable range of punishment. *See Frausto v. State*, 642 S.W.2d 506, 509 (Tex. Crim. App. [Panel Op.] 1982) (holding that "a prosecutor may inform the jury panel of the range of punishment applicable if the State were to prove a prior conviction for enhancement purposes"). He asserts, however, that "[i]f the prosecutor is allowed to suggest an accused['s] criminal history through skillful use of voir dire questioning, counsel for the accused must necessarily have the right to determine if such questions suggest to the members of the venire panel that the accused has such a criminal history and the Court's denial of an accused's right to make such inquiry is an abuse of discretion."

The trial court has broad discretion over the jury selection process. *Sells v. State*, 121 S.W.3d 748, 755 (Tex. Crim. App.), *cert. denied*, 540 U.S. 986 (2003). When an appellant challenges a trial court's limitation of his voir dire, the reviewing court analyzes this challenge under an abuse of discretion standard, "the focus of which is whether the appellant proffered a proper question concerning a proper area of inquiry." *Caldwell v. State*, 818 S.W.2d 790, 793 (Tex. Crim. App. 1991), *cert. denied*, 503 U.S. 990 (1992), *overruled on other grounds by Castillo v. State*, 913 S.W.2d 529 (Tex. Crim. App. 1995). The

propriety of a particular question is left to a trial court's discretion, and its ruling will not be disturbed on appeal absent an abuse of discretion. *Sells*, 121 S.W.3d at 755. A trial court abuses its discretion when it prohibits a particular question about a proper area of inquiry. *Id.* A question is proper if it seeks to discover a juror's views on an issue applicable to the case. *Id.* at 756. The trial court does not abuse its discretion in disapproving of a general area of inquiry because the court might have allowed the particular, proper question had it been submitted for consideration. *See id.*; *Gonzalez v. State*, 296 S.W.3d 620, 630 (Tex. App.—El Paso 2009, pet. ref'd); *see also Fuller v. State*, No. PD–0779-11, 2012 WL 1019964, at *4 (Tex. Crim. App. Mar. 28, 2012) (reiterating that a trial court has discretion to prohibit an otherwise-proper area of inquiry if the proposed questions are "so vague or broad in nature as to constitute a global fishing expedition") (quoting *Woods v. State*, 152 S.W.3d 105, 108 (Tex. Crim. App. 2004), *cert. denied*, 544 U.S. 1050 (2005)).

Here, the record does not include the actual question or questions that Appellant presented to the trial court, if any, during the bench conference. Instead, the record reflects that Appellant asked an incomplete question just prior to the bench conference—"Despite any instructions you received from somebody, do you believe that's—". The record further reflects Appellant's statement (in attempting to memorialize the substance of the bench conference) that, "I had a line of questioning where I was questioning jurors about whether they had developed a belief in certain facts following the State's voir dire."

6

At most, the record reflects that Appellant presented the trial court with a general subject area from which he wished to propound questions. *See Sells*, 121 S.W.3d at 756; *Caldwell*, 818 S.W.2d at 794. Appellant attempts to narrow the scope by explaining in his brief that "[t]he common sense purpose of [his] question could only be to determine which, if any jurors, had formed a belief that [he] had a criminal past due to the nature of the prosecutor's questions"; however, this after-the-fact description is not supported by the record. Without a record of the specific question(s) Appellant intended to ask but was prevented from doing, we cannot determine whether the trial court should have allowed the question(s). *See Shannon v. State*, 942 S.W.2d 591, 596 (Tex. Crim. App. 1996) ("[B]ecause appellant never set out a specific question he wanted to ask, we cannot determine whether that particular question would have been proper."); *McManus v. State*, 591 S.W.2d 505, 520 (Tex. Crim. App. 1979) ("In order for this court to determine whether the parties' questions were proper questions, they must appear in the record."), *overruled on other grounds by Reed v. State*, 744 S.W.2d 112 (Tex. Crim. App. 1988); *see also Caldwell*, 818 S.W.2d at 793–94 (holding that one preserves his complaint about being unable to ask questions during voir dire by presenting the specific question to the trial court and obtaining an adverse ruling); *Gonzalez*, 296 S.W.3d at 630 (holding that because Appellant failed to cite a particular, proper question that he would have posed to the venire panel he "did not preserve this issue for review and the trial court did not err in denying his request").

Because we do not know in what way the trial court limited Appellant's inquiry or what question(s) Appellant would have asked the panel if he had not been limited by the trial court, we cannot conclude that the trial court abused its discretion to the extent it limited Appellant's voir dire question(s). *See Easterling v. State*, 710 S.W.2d 569, 575–76 (Tex. Crim. App.), *cert. denied*, 479 U.S. 848 (1986) ("Before we can determine if the trial court has abused its discretion by improperly restricting the voir dire examination, it is necessary for the record to reflect what questions the defendant desired to ask the jury panel."); *see also Parker v. State*, No. 02-05-00265-CR, 2006 WL 2382901, at *9 n.7 (Tex. App.—Fort Worth Aug. 17, 2006, no pet.) (mem. op., not designated for publication) ("Without a record of the specific questions Appellant intended to ask, we are unable to address his argument.").

Appellant asserts that the State's objection (as later memorialized on the record)—that Appellant was "introducing facts"—lacked the appropriate legal grounds because the State, rather than Appellant, had introduced all the pertinent facts.[6]  Appellant also asserts that the State did not preserve error

---

[6]In support, Appellant cites *Abron v. State*, 523 S.W.2d 405, 409 (Tex. Crim. App. 1975).  In *Abron*, the court of criminal appeals held that the trial court abused its discretion by prohibiting the defendant from asking the venire members whether they would be biased because the defendant was a black man and the victim a white woman.  *Id*. at 407.  Appellant asserts that the inquiry in *Abron* would have "assumed the existence of facts, i.e., the race of the victim, that would normally be developed during the course of trial."  In *Abron*, however, the defendant proffered a very specific question to the trial court:  Whether the venire members would be biased against the defendant because of his race and

8

because it did not object when the line of questioning was first initiated. Here, neither the timing nor the legal propriety of the State's objection affects Appellant's failure to ask a specific question on the record so that we as an appellate court can review the specific question on its merits. Thus, Appellant's arguments regarding the State's objection do not affect the disposition of Appellant's appeal. For the above reasons, we overrule Appellant's sole point of error.

## Conclusion

Having overruled Appellant's sole point, we affirm the trial court's judgments.

ANNE GARDNER
JUSTICE

PANEL: GARDNER, MCCOY, and GABRIEL, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: June 7, 2012

---

that of the victim. *Id.* Thus, the facts in *Abron* are distinguishable from the instant case.