COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

NO. 02-11-00293-CR


 
 
 JAMES LYNN ENOCHS
 
 
  
 
 
 APPELLANT
 
 
 
 
 V.
 
 
 
 
 The
 State of Texas
 
 
  
 
 
 STATE
 
 


----------

FROM THE 355TH DISTRICT COURT OF HOOD COUNTY

----------

MEMORANDUM
OPINION[1]

----------

Introduction

Appellant
James Lynn Enochs appeals his jury convictions for assault family violence and
sexual assault.  In his sole point, Appellant asserts that the trial court
abused its discretion by not allowing him to inquire into the “possibly tainted
minds of the prospective jury members.”  We affirm.

Factual and Procedural Background[2]

The
Hood County grand jury indicted Appellant on one count of family violence
strangulation of his girlfriend, MGK, and one count of sexually assaulting MGK,
using physical force or threats of force.[3]  The indictment included
an enhancement paragraph for each offense, elevating the punishment for the
first count to a first-degree felony and the punishment for the second count to
an automatic life sentence.[4]

During
jury selection, the prosecutor explained to the jury panel that “if a defendant
commits a felony and goes to — goes to prison for a felony, gets out of prison,
and then commits a second degree felony, the punishment is enhanced to that of
a first degree felony.  Now it’s no longer two to 20; it’s five to 99 years or
life in prison.”  The prosecutor also explained that if “[y]ou have a person
who — a defendant that commits these two offenses, one or the other, aggravated
sexual assault or sexual assault, goes to the penitentiary, gets out of the
penitentiary, and once they’re out, they commit a sexual assault.  If the jury
hears that, the punishment is life in prison.”  The prosecutor then asked the
jury panel to share their thoughts about whether they could consider the full range
of punishment, emphasizing that “it’s hard to answer the question now because
you don’t know what the facts are.  It could be as little as two years in
prison or all the way up to life in prison, depending on what you hear at the
punishment phase of the trial.”

Following
the prosecutor’s voir dire, Appellant’s trial counsel began the following line
of questioning:

Q.  [Defense
Counsel]:  Now [Ms. Juror], do you believe [Appellant] has previously been
convicted of a crime?

 

A.  [Ms. Juror]:  I
don’t know anything about him.

 

Q.  Do you believe
that he’s previously been to the penitentiary?

 

A.  I don’t know.  I
don’t know anything about him.

 

Q.  [Mr. Juror], how
about you?  Do you believe he’s been previously convicted of a crime?

 

A.  With what I’ve seen
presented, it’s leaning that way, yes.

 

Q.  All right.  Do
you believe he’s previously been to the penitentiary?

 

A.  I don’t know.

 

Q.  Okay.  Now, when
the evidence is being heard up there on the stand, are those factors that are
going to be going through your mind as that evidence is presented?

 

A.  Probably so.

 

Q.  All right.  So
it’s your belief that there are already facts that have been established in
this case?

 

A.  Certainly sounds
like it.[[5]]

 

Q.  Despite any
instructions you received from somebody, do you believe that’s —

 

[State]:  Your Honor,
could we approach?

 

THE
COURT:  You may.

A
bench conference was held but not recorded.  After the bench conference,
Appellant’s counsel resumed voir dire by pursuing an unrelated line of
questioning.

Before
the presentation of evidence the next day, the following dialogue occurred:

[Defense counsel]:  Yesterday
during my voir dire, I had a line of questioning where I was questioning jurors
about whether they had developed a belief in certain facts following the
State’s voir dire, and the State did object to that, and I don’t think the
court reporter got your ruling on that on the record, and I just wanted to make
the record clear that you did sustain the State’s objection, and I’m not really
clear about what the grounds were.

 

THE COURT:  All
right.  The objection was sustained, correct.

 

[Defense counsel]: 
And what [were] the state’s grounds for that objection.  Your Honor?

 

THE COURT:  Well,
you’d have to ask the District Attorney to repeat that.  I’m certainly not
going to speak for the District Attorney.

 

[Defense counsel]: 
Well, I was trying to get the record clear.  What [were] the grounds for your
objection to my voir dire questioning yesterday?

 

[State]: 
Well, you were telling the panel the facts of the case impermissibly and then
trying to exercise a challenge for cause because they knew too much about the
case was my objection.

The
jury convicted Appellant on both counts of the indictment and assessed his
punishment at life in prison on the first count and an automatic life sentence
on the second count.

Analysis

Appellant
acknowledges that the State may inform the jury panel of the applicable range
of punishment.  See Frausto v. State, 642 S.W.2d 506, 509 (Tex.
Crim. App. [Panel Op.] 1982) (holding that “a prosecutor may inform the jury
panel of the range of punishment applicable if the State were to prove a prior
conviction for enhancement purposes”).  He asserts, however, that “[i]f the
prosecutor is allowed to suggest an accused[’s] criminal history through
skillful use of voir dire questioning, counsel for the accused must necessarily
have the right to determine if such questions suggest to the members of the
venire panel that the accused has such a criminal history and the Court’s
denial of an accused’s right to make such inquiry is an abuse of discretion.”

The
trial court has broad discretion over the jury selection process.  Sells v.
State, 121 S.W.3d 748, 755 (Tex. Crim. App.), cert. denied, 540 U.S.
986 (2003).  When an appellant challenges a trial court’s limitation of his
voir dire, the reviewing court analyzes this challenge under an abuse of
discretion standard, “the focus of which is whether the appellant proffered a
proper question concerning a proper area of inquiry.”  Caldwell v. State,
818 S.W.2d 790, 793 (Tex. Crim. App. 1991), cert. denied, 503 U.S. 990
(1992), overruled on other grounds by Castillo v. State, 913
S.W.2d 529 (Tex. Crim. App. 1995).  The propriety of a particular question is
left to a trial court’s discretion, and its ruling will not be disturbed on
appeal absent an abuse of discretion.  Sells, 121 S.W.3d at 755.  A
trial court abuses its discretion when it prohibits a particular question
about a proper area of inquiry.  Id.  A question is proper if it seeks
to discover a juror’s views on an issue applicable to the case.  Id. at
756.  The trial court does not abuse its discretion in disapproving of a general
area of inquiry because the court might have allowed the particular, proper
question had it been submitted for consideration.  See id.; Gonzalez
v. State, 296 S.W.3d 620, 630 (Tex. App.—El Paso 2009, pet. ref’d); see
also Fuller v. State, No. PD–0779-11, 2012 WL 1019964, at *4 (Tex. Crim.
App. Mar. 28, 2012) (reiterating that a trial court has discretion to prohibit
an otherwise-proper area of inquiry if the proposed questions are “so vague or
broad in nature as to constitute a global fishing expedition”) (quoting Woods
v. State, 152 S.W.3d 105, 108 (Tex. Crim. App. 2004), cert. denied,
544 U.S. 1050 (2005)).

Here,
the record does not include the actual question or questions that Appellant
presented to the trial court, if any, during the bench conference.  Instead,
the record reflects that Appellant asked an incomplete question just prior to
the bench conference—“Despite any instructions you received from somebody, do
you believe that’s—”.  The record further reflects Appellant’s statement (in
attempting to memorialize the substance of the bench conference) that, “I had a
line of questioning where I was questioning jurors about whether they had
developed a belief in certain facts following the State’s voir dire.”

At
most, the record reflects that Appellant presented the trial court with a
general subject area from which he wished to propound questions.  See Sells,
121 S.W.3d at 756; Caldwell, 818 S.W.2d at 794.  Appellant attempts to
narrow the scope by explaining in his brief that “[t]he common sense purpose of
[his] question could only be to determine which, if any jurors, had formed a
belief that [he] had a criminal past due to the nature of the prosecutor’s
questions”; however, this after-the-fact description is not supported by the
record.  Without a record of the specific question(s) Appellant intended to ask
but was prevented from doing, we cannot determine whether the trial court
should have allowed the question(s).  See Shannon v. State, 942 S.W.2d
591, 596 (Tex. Crim. App. 1996) (“[B]ecause appellant never set out a specific
question he wanted to ask, we cannot determine whether that particular question
would have been proper.”); McManus v. State, 591 S.W.2d 505, 520 (Tex.
Crim. App. 1979) (“In order for this court to determine whether the parties’
questions were proper questions, they must appear in the record.”), overruled
on other grounds by Reed v. State, 744 S.W.2d 112 (Tex. Crim. App.
1988); see also Caldwell, 818 S.W.2d at 793–94 (holding that one
preserves his complaint about being unable to ask questions during voir dire by
presenting the specific question to the trial court and obtaining an adverse
ruling); Gonzalez, 296 S.W.3d at 630 (holding that because Appellant
failed to cite a particular, proper question that he would have posed to the
venire panel he “did not preserve this issue for review and the trial court did
not err in denying his request”).

Because
we do not know in what way the trial court limited Appellant’s inquiry or what
question(s) Appellant would have asked the panel if he had not been limited by
the trial court, we cannot conclude that the trial court abused its discretion
to the extent it limited Appellant’s voir dire question(s).  See Easterling
v. State, 710 S.W.2d 569, 575–76 (Tex. Crim. App.), cert. denied,
479 U.S. 848 (1986)  (“Before we can determine if the trial court has abused
its discretion by improperly restricting the voir dire examination, it is
necessary for the record to reflect what questions the defendant desired to ask
the jury panel.”); see also Parker v. State, No. 02-05-00265-CR,
2006 WL 2382901, at *9 n.7 (Tex. App.—Fort Worth Aug. 17, 2006, no pet.) (mem.
op., not designated for publication) (“Without a record of the specific
questions Appellant intended to ask, we are unable to address his argument.”).

Appellant
asserts that the State’s objection (as later memorialized on the record)—that
Appellant was “introducing facts”—lacked the appropriate legal grounds because
the State, rather than Appellant, had introduced all the pertinent facts.[6] 
Appellant also asserts that the State did not preserve error because it did not
object when the line of questioning was first initiated.  Here, neither the
timing nor the legal propriety of the State’s objection affects Appellant’s
failure to ask a specific question on the record so that we as an appellate
court can review the specific question on its merits.  Thus, Appellant’s arguments
regarding the State’s objection do not affect the disposition of Appellant’s
appeal.  For the above reasons, we overrule Appellant’s sole point of error.

Conclusion

Having overruled Appellant’s sole point, we
affirm the trial court’s judgments.

 

ANNE GARDNER
JUSTICE

 

PANEL:  GARDNER,
MCCOY, and GABRIEL, JJ.

DO
NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED:  June 7, 2012









[1]See Tex. R. App. P. 47.4.





[2]The reporter’s record in
this case is limited to jury selection.





[3]See Tex. Penal Code
Ann. §§ 22.01, 22.011 (West 2011).





[4]See id. §§ 12.42(b),
12.42(c)(2) (West Supp. 2011).





[5]The trial court
subsequently struck this prospective juror for cause.





[6]In support, Appellant
cites Abron v. State, 523 S.W.2d 405, 409 (Tex. Crim. App. 1975).  In Abron,
the court of criminal appeals held that the trial court abused its discretion by
prohibiting the defendant from asking the venire members whether they would be
biased because the defendant was a black man and the victim a white woman.  Id.
at 407.  Appellant asserts that the inquiry in Abron would have “assumed
the existence of facts, i.e., the race of the victim, that would normally be
developed during the course of trial.”  In Abron, however, the defendant
proffered a very specific question to the trial court:  Whether the venire
members would be biased against the defendant because of his race and that of
the victim.  Id.  Thus, the facts in Abron are distinguishable
from the instant case.