ACCEPTED
13-14-00173-cr
THIRTEENTH COURT OF APPEAL
CORPUS CHRISTI, TEXAS
3/23/2015 1:53:17 PM
DORIAN RAMIREZ
CLERK

## CAUSE NO. 13-14-00173-CR

RECEIVED IN
13th COURT OF APPEALS
CORPUS CHRISTI/EDINBURG, TEXAS
3/23/2015 1:53:17 PM
DORIAN E. RAMIREZ
Clerk

## IN THE COURT OF APPEALS

## THIRTEENTH JUDICIAL DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG, TEXAS

**F I L E D**
IN THE 13TH COURT OF APPEALS
CORPUS CHRISTI

03/23/2015

**DORIAN E. RAMIREZ, CLERK**
**BY** smata

### OMAR MONTEMAYOR,
### Appellant

### v.

### STATE OF TEXAS,
### Appellee.

On appeal from the 197th Judicial District Court
of Cameron County, Texas
Trial Court Cause Number 2013-DCR-00137-C

## STATE'S APPELLATE BRIEF

**Luis V. Saenz**
**Cameron County District Attorney**

**René B. González**
**Assistant District Attorney**
964 East Harrison Street, 4th Floor
Brownsville, Texas 78520
Phone: (956) 544-0849
Fax:(956) 544-0869

**Attorneys for the State of Texas**

# TABLE OF CONTENTS

Table of Contents. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . i

Index of Authorities.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

Salutation.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Summary of the Argument. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Argument and Authorities.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

    State's Response to Appellant's First Issue. . . . . . . . . . . . . . . . . . . . 5

    State's Response to Appellant's Second Issue.. . . . . . . . . . . . . . . . . . 9

    State's Response to Appellant's Third Issue. . . . . . . . . . . . . . . . . . . 12

    State's Response to Appellant's Fourth Issue. . . . . . . . . . . . . . . . . . 13

    State's Response to Appellant's Fifth Issue.. . . . . . . . . . . . . . . . . . . 16

    State's Response to Appellant's Sixth Issue.. . . . . . . . . . . . . . . . . . . 18

    State's Response to Appellant's Seventh, Eighth and Tenth Issue. . . . . . . 21

    State's Response to Appellant's Ninth Issue. . . . . . . . . . . . . . . . . . . 22

    State's Response to Appellant's Eleventh Issue.. . . . . . . . . . . . . . . . . 24

    State's Response to Appellant's Twelfth Issue. . . . . . . . . . . . . . . . . . 26

    State's Response to Appellant's Thirteenth Issue. . . . . . . . . . . . . . . . 29

    State's Response to Appellant's Fourteenth Issue. . . . . . . . . . . . . . . . 33

    State's Response to Appellant's Fifteenth Issue.. . . . . . . . . . . . . . . . . 34

State's Response to Appellant's Sixteenth Issue. . . . . . . . . . . . . . . . . . . . 37

State's Response to Appellant's Seventeenth Issue. . . . . . . . . . . . . . . . . . 38

Prayer. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 40

Certificate of Compliance. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 41

Certificate of Service. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 42

# INDEX OF AUTHORITIES

**Cases**

*Alvarado v. State*,
  912 S.W.2d 199 (Tex. Crim. App. 1995). . . . . . . . . . . . . . . . . . . . 10, 23, 38

*Anderson v. State*,
  633 S.W.2d 851 (Tex. Crim. App. [Panel Op.] 1982). . . . . . . . . . . . . . . . . 7

*Anderson v. State*,
  717 S.W.2d 622 (Tex. Crim. App. 1986). . . . . . . . . . . . . . . . . . . . . . . . 16

*Angleton v. State*,
  971 S.W.2d 65 (Tex. Crim. App. 1998). . . . . . . . . . . . . . . . . . . . . . . . . 14

*Arevalo v. State*,
  943 S.W.2d 887 (Tex. Crim. App. 1997). . . . . . . . . . . . . . . . . . . . . . . . 36

*Ash v. State*,
  420 S.W.2d 703 (Tex. Crim. App. 1967). . . . . . . . . . . . . . . . . 30, 31, 32, 34

*Avila v. State*,
  18 S.W.3d 736 (Tex. App.--San Antonio 2000, no pet.). . . . . . . . . . . . . . 21

*Banks v. State*,
  29 S.W.3d 642 (Tex. App.--Houston [14th Dist.] 2000, pet. ref'd). . . . . . . 39

*Beck*,
  922 S.W.2d 181 (Tex. Crim. App. 1996). . . . . . . . . . . . . . . . . . . . . . . . 39

*Betancourt v. State*,
  657 S.W.2d 451 (Tex. App.--Corpus Christi 1983, pet. ref'd). . . . . . . . . . 31

*Bignall v. State*,
  887 S.W.2d 21 (Tex. Crim. App. 1994). . . . . . . . . . . . . . . . . . . . . . . . . 35

*Brewer v. State*,
572 S.W.2d 719 (Tex. Crim. App. [Panel Op.] 1978). . . . . . . . . . . 30, 32, 34

*Briggs v. State*,
789 S.W.2d 918 (Tex. Crim. App. 1990). . . . . . . . . . . . . . . . . . . . . . . . . 25

*Brooks v. State*,
990 S.W.2d 278 (Tex. Crim. App. 1999). . . . . . . . . . . . . . . . . . . . . . . . . 16

*Chamberlain v. State*,
998 S.W.2d 230 (Tex. Crim. App. 1999). . . . . . . . . . . . . . . . . . . . . . 33, 34

*Clark v. State*,
365 S.W.3d 333 (Tex. Crim. App. 2012). . . . . . . . . . . . . . . . . . . . . . . . . 25

*Cook v. State*,
611 S.W.2d 83 (Tex. Crim. App. 1981). . . . . . . . . . . . . . . . . . . . 11, 23, 38

*De La Garza v. State*,
650 S.W.2d 870 (Tex. App.--San Antonio 1983, pet. ref'd). . . . . . . . . . . . 37

*Delgado v. State*,
235 S.W.3d 244 (Tex. Crim. App. 2007). . . . . . . . . . . . . . . . . . . . . . . . . 11

*Drake v. State*,
65 Tex. Crim. 282, 143 S.W. 1157 (1912). . . . . . . . . . . . . . . . . . . . . . . . 31

*Earley v. State*,
855 S.W.2d 260 (Tex. App.--Corpus Christi 1993). . . . . . . . . . . . . . . . . . 30

*Edwards v. State*,
551 S.W.2d 731 (Tex. Crim. App. 1977). . . . . . . . . . . . . . . . . . . . . . . . . 14

*Feldman v. State*,
71 S.W.3d 738 (Tex. Crim. App. 2002). . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Fielding v. State,*
719 S.W.2d 361  (Tex. App.--Dallas 1986, pet. ref'd). . . . . . . . . . . . . . . . 30

*Flores v. State,*
871 S.W.2d 714 (Tex. Crim. App. 1993). . . . . . . . . . . . . . . . . . . . . . . . 31

*Forest v. State,*
989 S.W.2d 365 (Tex. Crim. App. 1999). . . . . . . . . . . . . . . . . . . . . . . . 36

*Franklin v. State,*
12 S.W.3d 473 (Tex. Crim. App. 2000). . . . . . . . . . . . . . . . . . . . . . . . . 8

*Gagnon v. Scarpelli,*
411 U.S. 778 (1973). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 30

*Garcia v. State,*
201 S.W.3d 695 (Tex. Crim. App. 2006). . . . . . . . . . . . . . . . . . . . . . . . 12

*Garner v. State,*
848 S.W.2d 799 (Tex. App.--Corpus Christi 1993, no writ). . . . . . . . . . . 19

*Garner v. State,*
939 S.W.2d 802 (Tex. App.--Ft. Worth 1997, pet. ref'd). . . . . . . . . . . . . . 20

*Ghahremani v. State,*
No. 14–06–00729–CR, 2007 WL 3146723 (Tex. App.--Houston [14th Dist.]
Oct. 30, 2007, pet. ref'd) (mem. op., not designated for publication) .. . . . 27

*Goss v. State,*
826 S.W.2d 162 (Tex. Crim. App. 1992). . . . . . . . . . . . . . . . . . . . . . 27, 29

*Hall v. State,*
225 S.W.3d 524 (Tex. Crim. App. 2007). . . . . . . . . . . . . . . . . . . . . . . . 35

*Hegar v. State,*
11 S.W.3d 290 (Tex. App.--Houston [1st Dist.] 1999, no pet.). . . . . . . . . . 8

*Hopperwood v. State*,
    39 Tex.Crim. 15, 44 S.W. 841 (1898).. . . . . . . . . . . . . . . . . . . . . . . . . . . . 30

*Jackson v. State*,
    115 S.W.3d 326 (Tex. App.--Dallas 2003), . . . . . . . . . . . . . . . . . . . . . . . 36

*Jackson v. State*,
    968 S.W.2d 495 (Tex. App.--Texarkana 1998, pet. ref'd). . . . . . . . . . . . . 19

*Jenkins v. State*,
    912 S.W.2d 793 (Tex. Crim. App. 1993). . . . . . . . . . . . . . . . . . . . . . . 27, 28

*Johnson v. State*,
    967 S.W.2d 410 (Tex. Crim. App. 1998). . . . . . . . . . . . . . . . . . . . . . . . . . 15

*Jones v. State*,
    982 S.W.2d 386 (Tex. Crim. App. 1998). . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Kemp v. State*,
    846 S.W.2d 289 (Tex. Crim. App. 1992). . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Lagrone v. State*,
    942 S.W.2d 602 (Tex. Crim. App. 1997). . . . . . . . . . . . . . . . . . . . . . . . . . 19

*Lankston v. State*,
    827 S.W.2d 907 (Tex. Crim. App. 1992). . . . . . . . . . . . . . . . . . . . . . . . . . 26

*McDonald v. State*,
    179 S.W.3d 571 (Tex. Crim. App. 2005). . . . . . . . . . . . . . . . . . . . . . . . . . 29

*Medellin v. State*,
    617 S.W.2d 229 (Tex. Crim. App. [Panel Op.] 1981). . . . . . . . . . . . . . 19, 20

*Mestiza v. State*,
    923 S.W.2d 720 (Tex. App.--Corpus Christi 1996, no pet.). . . . . . . . . . . . 32

*Mizell v. State*,
119 S.W.3d 804 (Tex. Crim. App. 2003). . . . . . . . . . . . . . . . . . . . . . . . . 40

*Montgomery v. State*,
810 S.W.2d 372 (Tex. Crim. App. 1990). . . . . . . . . . . . . . . . . . . . . . . . . 18

*Montoya v. State*,
43 S.W.3d 568 (Tex. App.--Waco 2001, no pet.). . . . . . . . . . . . . . . . . . . . 15

*Moone v. State*,
728 S.W.2d 928 (Tex. App.--Houston [14th Dist.] 1987, no writ). . . . . . . 19

*Morales v. State*,
32 S.W.3d 862 (Tex. Crim. App. 2000). . . . . . . . . . . . . . . . . . . . . . . . . . 29

*Moreno v. State*,
900 S.W.2d 357 (Tex. App.--Texarkana 1995, no pet.). . . . . . . . . . . . . . . 30

*Morrison v. State*,
845 S.W.2d 882 n. 10 (Tex. Crim. App. 1992). . . . . . . . . . . . . . . . . . . . . 31

*Munoz v. State*,
485 S.W.2d 782 (Tex. Crim. App. 1972). . . . . . . . . . . . . . . . . . . . . . . . . 31

*Mutz v. State*,
862 S.W.2d 24 (Tex. App.--Beaumont 1993, pet. ref'd). . . . . . . . . . . . . . 15

*Pena*,
71 S.W.3d 336 (Tex. Crim. App. 2002). . . . . . . . . . . . . . . . . . . . . . . . . . 39

*Peto v. State*,
51 S.W.3d 326 (Tex. App.--Houston [1st Dist.] 2001, pet. ref'd). . . . . . . 25

*Ponce v. State*,
68 S.W.3d 718  (Tex. App.--Houston [14th Dist.] 2001, pet. ref'd). . . . . . 9

*Pondexter v. State,*
    942 S.W.2d 577 (Tex. Crim. App. 1996). . . . . . . . . . . . . . . . . . . . . . 18, 19

*Rachal v. State,*
    917 S.W.2d 799 (Tex. Crim. App. 1996). . . . . . . . . . . . . . . . . . . . . . . 18

*Resendez v. State,*
    160 S.W.3d 181 (Tex. App.--Corpus Christi 2005, no pet.). . . . . . . . . . . 32

*Richardson v. State,*
    865 S.W.2d 949 (Tex. Crim. App. 1993). . . . . . . . . . . . . . . . . . . . . . . 24

*Roberts v. State,*
    220 S.W.3d 521 (Tex. Crim. App. 2007). . . . . . . . . . . . . . . . . . . . . . . 10

*Rousseau v. State,*
    855 S.W.2d 666 (Tex. Crim. App. 1993). . . . . . . . . . . . . . . . . . . . . . . 35

*Sandoval v. State,*
    409 S.W.3d 259 (Tex. App.--Austin 2013, no pet.). . . . . . . . . . . . . . . . . 6

*Scales v. State,*
    380 S.W.3d 780 (Tex. Crim. App. 2012). . . . . . . . . . . . . . . . . . . . 5, 6, 7

*Seidel,*
    39 S.W.3d 221 (Tex. Crim. App. 2001). . . . . . . . . . . . . . . . . . . . . . . . 39

*Shaw v. State,*
    329 S.W.3d 645 (Tex. App.--Houston [14th Dist.] 2010, pet. ref'd). . . . . . 28

*Shugars v. State,*
    814 S.W.2d 897 (Tex. App.--Austin 1991, no pet.). . . . . . . . . . . . . . 17, 22

*Silva v. State,*
    635 S.W.2d 775  (Tex. App.--Corpus Christi 1982, pet. ref'd). . . . . . . . . 30

*Silva v. State*,
989 S.W.2d 64 (Tex. App.--San Antonio 1998, pet. ref'd). . . . . . . . . . . . 20

*Smith v. State*,
450 S.W.2d 92 (Tex. Crim. App. 1970). . . . . . . . . . . . . . . . . . . . . . . . . 19

*Sneed v. State*,
209 S.W.3d 782 (Tex. App.--Texarkana 2006, pet. ref'd). . . . . . . . . . . . 6, 9

*State ex rel. Curry v. Gray*,
599 S.W.2d 630 (Tex. Crim. App. 1980). . . . . . . . . . . . . . . . . . . . . . . . 39

*State ex rel. Vance v. Hatten*,
600 S.W.2d 828 (Tex. Crim. App. 1980). . . . . . . . . . . . . . . . . . . . . . . . 39

*State v. Hardy*,
963 S.W.2d 516 (Tex. Crim. App. 1997). . . . . . . . . . . . . . . . . . . . . . . . 24

*Stone v. State*,
794 S.W.2d 868 (Tex. App.--El Paso 1990, no writ). . . . . . . . . . . . . . . . 20

*Taylor v. State*,
268 S.W.3d 571 (Tex. Crim. App. 2008). . . . . . . . . . . . . . . . . . . . . . . . 16

*Thomas v. State*,
723 S.W.2d 696 (Tex. Crim. App. 1986). . . . . . . . . . . . . . . . . . . . . . . . 25

*Thomas v. State*,
886 S.W.2d 388 (Tex. App.--Houston [1st Dist.] 1994, pet. ref'd). . . . . . . 37

*Turner v. State*,
805 S.W.2d 423 (Tex. Crim. App. 1991). . . . . . . . . . . . . . . . . . . . . . . . 26

*Villarreal v. State*,
590 S.W.2d 938 (Tex. Crim. App. 1979). . . . . . . . . . . . . . . . . . . . . . . . 39

*Wagner v. State*,
    687 S.W.2d 303 (Tex. Crim. App. 1984). . . . . . . . . . . . . . . . . . . . . . . . . . . 36

*Whitehead v. State*,
    437 S.W.3d 547 (Tex. App.--Texarkana 2014, pet. ref'd). . . . . . . . . . . . . . . 7

*Wilson v. State*,
    71 S.W.3d 346 (Tex. Crim. App. 2002). . . . . . . . . . . . . . . . . . . . . . . . . . . 33

**Statutes**

Tex. Code Crim. Proc. art. 33.011(b). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 6

Tex. Code Crim. Proc. art. 38.05.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 31

Tex. Code Crim. Proc. art. 38.36.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Tex. Penal Code §12.31.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 40

**Rules**

Tex. R. App. P. 33.1. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 31

Tex. R. App. P. 33.1(a). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 26

Tex. R. App. P. 33.1(a)(1)(A). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25, 26

Tex. R. App. P. 38.1(i). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . passim

Tex. R. App. P. 44.2(b). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 15, 29

Tex. R. Evid. 103(a). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 29

Tex. R. Evid. 103(a)(1). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 26

Tex. R. Evid. 509(b). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

Tex. R. Evid. 602. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17, 21

Tex. R. Evid. 705(b). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 27, 28

Tex. R. Evid. 705(c). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 27

Tex. R. Evid. 901. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18, 20

**CAUSE NO. 13-14-00173-CR**

_____

**IN THE COURT OF APPEALS**

**THIRTEENTH JUDICIAL DISTRICT OF TEXAS**

**CORPUS CHRISTI - EDINBURG, TEXAS**

_____

**OMAR MONTEMAYOR, Appellant**

**v.**

**STATE OF TEXAS, Appellee**

_____

**STATE'S APPELLATE BRIEF**

_____

**TO THE HONORABLE COURT OF APPEALS:**

**COMES NOW**, Appellee, the **STATE OF TEXAS**, by and through the Cameron County District Attorney, the Honorable Luis V. Saenz, and, pursuant to Rule 38.2 of the Texas Rules of Appellate Procedure, files this, its Appellate Brief in the above-styled and -numbered cause of action, and in support thereof, would show this Honorable Court as follows:

**SUMMARY OF ARGUMENT**

Appellant raises seventeen issues on appeal. In his first issue on appeal, Appellant argues that the trial court erred in improperly releasing a juror from service

and replacing him with an alternate juror. The State responds by asserting the trial court did not err in dismissing the juror from service as he had become disqualified or unable to serve; or, in the alternative, even if the trial court did err in dismissing said juror, no harm resulted to Appellant. In his second issue, Appellant complains that the trial court erred in failing to exclude or limit evidence of extraneous offenses or bad acts. The State responds by asserting that Appellant has failed to specify where in the record the error occurred, and further, a trial court is not required to provide, *sua sponte*, a limiting instruction. In his third issue, Appellant complains that the trial court erred in failing to grant a mistrial upon the introduction of extraneous character evidence. The State responds by asserting that the trial court did not abuse its discretion in refusing to grant a mistrial. In his fourth issue, Appellant complains that the 911 audio recording was improperly admitted into evidence, thereby resulting in reversible error. The State responds by asserting that the 911 audio recording was properly admitted into evidence. In his fifth issue, Appellant complains that his conviction should be set aside because the trial court allowed the introduction of certain photographs without allowing Appellant to voir dire the sponsoring witness as to the authenticity of the photos. The State responds by asserting that the trial court did not err in refusing Appellant's request to voir dire the sponsoring witness to the authenticity of the photographs. In his sixth issue,

Appellant complains that State's Exhibit 9 was improperly admitted into evidence, because the proper chain of custody was not established. The State responds by asserting that said exhibit was properly admitted into evidence. In his seventh, eighth and tenth issues, Appellant complains that his conviction should be set aside because the trial court allowed the introduction of blood swabs and buccal swabs without allowing Appellant to voir dire the sponsoring witness as to the authenticity of said swabs. The State responds by asserting that the trial did not err in denying Appellant the opportunity to voir dire said witness. In his ninth issue, Appellant complains that his conviction should be set aside because the trial court improperly allowed the admission of evidence which was not complete. The State responds by asserting that Appellant's complaint is not at all clear from the argument and the record. In his eleventh issue, Appellant complains that the trial court erred in allowing a speech pathologist to testify as to a privileged communication. The State responds by asserting that there is no privilege protecting the communications between Appellant and the witness herein. In his twelfth issue, Appellant complains that the trial court erred in not allowing Appellant to conduct a voir dire examination of two expert witnesses. The State responds by asserting that Appellant has failed to preserve this issue for appellate review. In his thirteenth issue, Appellant complains that the trial judge commented on the weight of the evidence and conveyed her opinion of the case

to the jury. The State responds by asserting that the trial court did not comment on the weight of the evidence nor did the trial judge convey her opinion of the case to the jury. In his fourteenth issue, Appellant complains that the trial court's assisting the State, by suggesting predicates for the submission of evidence, had sufficient cumulative effect to deprive Appellant of his constitutional rights. The State responds by asserting that Appellant has failed to demonstrate how non-errors can in their cumulative effect cause error. In his fifteenth issue, Appellant complains that the trial court erred by failing to provide the jury with a lesser included charge on the offense of aggravated assault. The State responds by asserting that Appellant was not entitled to the lesser included charge. In his sixteenth issue, Appellant complains that the State committed reversible error by making improper comments during closing argument. The State responds by asserting that it is not at all clear what Appellant is talking about. In his seventeenth issue, Appellant complains that the trial court erred in re-sentencing him after he had already been sentenced. The State responds by asserting that the trial court was within its authority to pronounce a legal sentence, after the court had previously pronounced a sentence that was not authorized by law.

## ARGUMENT & AUTHORITIES

### *State's Response to Appellant's First Issue*

In his first issue on appeal, Appellant argues that the trial court erred in improperly releasing a juror from service and replacing him with an alternate juror. The State responds by asserting the trial court did not err in dismissing the juror from service as he had become disqualified or unable to serve; or, in the alternative, even if the trial court did err in dismissing said juror, no harm resulted to Appellant.

The trial court has discretion to determine whether a juror has become disabled and to seat an alternate juror. *Scales v. State*, 380 S.W.3d 780, 783 (Tex. Crim. App. 2012). In deciding to remove a juror, the trial court must make a finding, sufficiently supported by the record, that the juror was disqualified or unable to perform the duties of a juror. *Id.*; *see* Tex. Code Crim. Proc. art. 33.011(b). This Court may not substitute its own judgment for that of the trial court. Instead, this Court is to assess whether, after viewing the evidence in the light most favorable to the trial court's ruling, the ruling was arbitrary or unreasonable. *Scales*, 380 S.W.3d at 784. The ruling must be upheld if it is within the "zone of reasonable disagreement." *Id*. Absent an abuse of discretion, no reversible error will be found. *Id*.

The record demonstrates, and therefore, this Court should presume that the trial court concluded that the juror in question was unable or disqualified to perform his

duties under Article 33.011(b) of the Texas Code of Criminal Procedure. *See* Tex. Code Crim. Proc. art. 33.011(b). Article 33.011(b) of the Texas Code of Criminal Procedure states that, before a jury renders a verdict regarding a defendant's guilt or innocence, alternate jurors "shall replace jurors who ... become or are found to be unable or disqualified to perform their duties... ." Tex. Code Crim. Proc. art. 33.011(b). Although the statute does not define "unable to perform," appellate courts have concluded that "unable" as used in Article 33.011 is indistinguishable from "disabled" as used in Article 36.29. *See Scales*, 380 S.W.3d at 783; *Sandoval v. State*, 409 S.W.3d 259, 279 (Tex. App.--Austin 2013, no pet.); *Sneed v. State*, 209 S.W.3d 782, 786 (Tex. App.--Texarkana 2006, pet. ref'd) ("one must strain to recognize real differences in the meaning of the two words in this context"). The term "disability," as utilized in Article 36.29, has been interpreted to require that the juror is suffering from a " 'physical illness, mental condition, or emotional state that would hinder or inhibit the juror from performing his or her duties as a juror,' or that the juror [is] suffering from a condition that inhibit[s] him from 'fully and fairly performing the functions of a juror.'" *Scales*, 380 S.W.3d at 783. To support its decision that a juror is disabled, the trial court must make a finding, sufficiently supported by the record, that the juror was disqualified or unable to perform the duties of a juror. *Id*. The trial court may not dismiss a juror for reasons related to that

juror's evaluation of the sufficiency of the evidence. *Id*. at 783; *see also Whitehead v. State*, 437 S.W.3d 547, 554-55 (Tex. App.--Texarkana 2014, pet. ref'd).

The trial court has a great deal of discretion in determining if one is biased or prejudiced for or against a defendant. Normally, this issue is presented when the trial court fails to grant a challenge for cause after a venireperson has presented some information that could be considered as more favorable to one side than the other, but has not clearly stated that he or she is biased. In the present case, the parties did not have the opportunity to question the dismissed juror, as this issue was brought to the trial court's attention after the jury selection process was completed. Nevertheless, even if bias or prejudice was not established as a matter of law herein, the trial court still retained discretion to determine whether bias or prejudice actually exists to such a degree that the juror is disqualified. *Anderson v. State*, 633 S.W.2d 851, 853-54 (Tex. Crim. App. [Panel Op.] 1982). In *Anderson*, a venireperson answered that she knew the prosecuting witnesses and initially stated that she could serve fairly. Later, she admitted that it "would be difficult" and "knowing them I would be more biased." *Id*. at 854. The defendant argued these statements showed that this venireperson was biased and the court erred in failing to excuse her. *Id*. at 853.

Here, the juror told the trial court that he discovered that Appellant's sister is a co-worker and a good friend. The juror further stated that Appellant's sister

coaches his daughter and step-daughter in gymnastics. (R.R. Vol. 8, pp. 14-15).

Based on the friendship, and the level of interconnectedness of the juror with Appellant's sister, there is at least some evidence for the trial court to have concluded the juror was biased as a matter of law.

Further, there is no constitutional impediment in a procedure allowing the replacement of one fully qualified juror with another, even without the establishment that the first is physically disabled or even unable to serve. This is an issue that regularly occurs in courtrooms across the State of Texas. When jurors are summoned to serve, they come into an environment that is foreign and intimidating to many. It is not uncommon, particularly in smaller counties, for a juror to recognize someone involved in the case after he or she sees that person (after being seated on the jury). *See Franklin v. State*, 12 S.W.3d 473 (Tex. Crim. App. 2000). Additionally, family emergencies occur, as well as a myriad of events, that may in fact interrupt jury service.

With that said, even were this Court to find that the trial court abused its discretion in excusing the juror, said error is not reversable. To embody a constitutional violation, the trial court's error would have to produce a biased jury. Neither the United States nor the Texas Constitution prescribes the manner in which juries are selected. *See Hegar v. State*, 11 S.W.3d 290, 295 (Tex. App.--Houston [1st

Dist.] 1999, no pet.). This error involves the application of a statutory scheme and is a nonconstitutional error. *Ponce v. State*, 68 S.W.3d 718, 722 (Tex. App.--Houston [14th Dist.] 2001, pet. ref'd). Rule 44.2(b) of the Texas Rules of Appellate Procedure provides that any nonconstitutional error, defect, irregularity, or variance that does not affect substantial rights must be disregarded. Tex. R. App. P. 44.2(b). The record here does not show any taint from the substituted juror. The juror was subjected to the same selection process, was properly sworn, and heard all of the evidence. In an analogous situation, if the trial court erroneously grants a challenge for cause for the State, reversal only occurs if the defendant shows that he or she was deprived of a lawfully constituted jury. *Feldman v. State*, 71 S.W.3d 738 (Tex. Crim. App. 2002); *Jones v. State*, 982 S.W.2d 386, 394 (Tex. Crim. App. 1998). Appellant has not shown that he was deprived of a lawfully constituted jury or that any of his substantial rights have been affected. Therefore, in accordance with Rule 44.2(b), said error, if any, should be disregarded. Tex. R. App. P. 44.2(b); *see also Sneed*, 209 S.W.3d at 788.

Accordingly, Appellant's first issue should be overruled.


***State's Response to Appellant's Second Issue***

In his second issue, Appellant complains that the trial court erred in failing to

exclude or limit evidence of extraneous offenses or bad acts. The State responds by asserting that Appellant has failed to specify where in the record the error occurred, and further, a trial court is not required to provide, *sua sponte*, a limiting instruction.

Appellant complains that the trial court improperly failed to exclude or limit certain evidence of extraneous offenses or bad acts; however, Appellant has not indicated where in the record this alleged error is found. The State asserts that Appellant has not complied with Rule 38.1(i) of the Texas Rules of Appellate Procedure by failing to state concisely the facts relating to issue two, supported by record references, and by failing to state clearly and concisely the argument with citations to the record. *See* Tex. R. App. P. 38.1(i) ("The brief must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record."); *see also Roberts v. State*, 220 S.W.3d 521, 527 (Tex. Crim. App. 2007) ("A party has an obligation to make appropriate citations to the record in support of his argument. If the notes [relating to a particular witness] are in the record, appellant has failed to include the proper record references. If, as seems more likely, the notes are not in the record, then appellant procedurally defaulted error by failing to include a matter in the record necessary to evaluate his claim."); *Alvarado v. State*, 912 S.W.2d 199, 210 (Tex. Crim. App. 1995) ("As an appellate court, it is not our task to pore through hundreds of pages of record in an attempt to

verify an appellant's claims."); *Cook v. State*, 611 S.W.2d 83, 87 (Tex. Crim. App. 1981) ("This court with its tremendous caseload should not be expected to leaf through a voluminous record hoping to find the matter raised by appellant and then speculate whether it is that part of the record to which appellant had reference.").

Alternatively, should this Court determine that Appellant has adequately briefed his complaint concerning evidence of extraneous bad acts, then the State would respond by asserting that the law does not require the trial court to provide, *sua sponte*, a limiting instruction at the guilt-innocence stage of trial. The Court of Criminal Appeals has previously held that, if a defendant does not request a limiting instruction under Rule 105 at the time that evidence is admitted, then the trial judge has no obligation to limit the use of that evidence later in the jury charge. *Delgado v. State*, 235 S.W.3d 244, 251 (Tex. Crim. App. 2007). But even when a party properly requests a limiting instruction at the time the evidence is first offered, the trial judge need not give an instruction on the burden of proof at that time. *Id*. Instead, a trial court must provide a limiting instruction concerning the use of extraneous offense evidence in the guilt-stage jury charge only if the defendant requested a limiting instruction at the time the evidence was first admitted. *Id*.

In light of the foregoing authority, this Court should overrule Appellant's second issue which complains of the trial court's failure to sua sponte limit the use

of extraneous offense evidence.

*State's Response to Appellant's Third Issue*

In his third issue, Appellant complains that the trial court erred in failing to grant a mistrial upon the introduction of extraneous character evidence. The State responds by asserting that the trial court did not abuse its discretion in refusing to grant a mistrial.

Article 38.36(a) states:

> "In all prosecutions for murder, the state or the defendant shall be permitted to offer testimony as to all relevant facts and circumstances surrounding the killing and the previous relationship existing between the accused and the deceased, together with all relevant facts and circumstances going to show the condition of the mind of the accused at the time of the offense."

Tex. Code Crim. Proc. art. 38.36. The nature of the relationship - such as whether the victim and the accused were friends, were co-workers, were married, estranged, separated, or divorcing - is clearly admissible under this Article. Further, in some situations, prior acts of violence between the victim and the accused may be offered to illustrate the nature of the relationship. *Garcia v. State*, 201 S.W.3d 695, 702 (Tex. Crim. App. 2006). The evidence which is the subject of Appellant's second issue was admissible under article 38.36, as it illustrated the nature of the relationship between

Appellant and the victim of the murder. Accordingly, the trial court did not err in admitting this evidence.

In the present case, Appellant complains that the State questioned Sarah Williams concerning the relationship between Appellant and victim Sarah Montemayor. Specifically, Williams was asked if Appellant was abusive to Sarah Montemayor. It is well established that testimony referring to or implying extraneous offenses can be rendered harmless by an instruction to disregard unless it is so clearly calculated to inflame the minds of the jury and is of such a nature as to suggest the impossibility of withdrawing the harmful impression from the jury's mind. *Kemp v. State*, 846 S.W.2d 289, 308 (Tex. Crim. App. 1992). This Court should conclude that the witness's unembellished statements concerning the nature of the relationship between the victim and Appellant was not so inflammatory as to undermine the efficacy of an instruction to disregard, had one been requested. Because the error could have been cured by an instruction to disregard had one been requested, the trial court did not abuse its discretion by denying Appellant's motion for mistrial.

Therefore, Appellant's third issue should be overruled.


***State's Response to Appellant's Fourth Issue***

In his fourth issue, Appellant complains that the 911 audio recording was

improperly admitted into evidence, thereby resulting in reversible error. The State responds by asserting that the 911 audio recording was properly admitted into evidence.

Appellant argues that this issue is governed by *Edwards v. State*, 551 S.W.2d 731, 733 (Tex. Crim. App. 1977). The Court of Criminal Appeals, in *Angleton v. State*, 971 S.W.2d 65, 68-69 (Tex. Crim. App. 1998), overruled the holding set forth in *Edwards*, and noted that the admission of audio recordings is now governed by Rule 901 of the Texas Rules of Evidence.

Rule 901(a) is entitled, "General provision", and states: "The requirement of authentication or identification as a condition precedent to admissibility is satisfied by *evidence sufficient to support a finding that the matter in question is what its proponent claims*." (Emphasis added). Furthermore, Rule 901(b), entitled "Illustrations.", provides: "*By way of illustration only, and not by way of limitation*, the following are examples of authentication or identification conforming with the requirements of this rule:.. ." (Emphasis added). It is clear that the "illustration" contained in (b)(5) of Rule 901 (which allows recordings to be authenticated by voice identification) is not to be given talismanic power. Read correctly, illustrations contained under 901(b) are by no means exclusive of the methods of proof sufficient to authenticate or identify the types of evidence to which they refer. They are

illustrations only, and not limitations. *See Mutz v. State*, 862 S.W.2d 24, 29 (Tex. App.--Beaumont 1993, pet. ref'd).

In the present case, the witness testified that the 911 audio was an accurate recording of her conversation with the 911 operator. (R.R. Vol. 9, p. 62). In other words, the witness testified that it was what it purported to be. Further, the audio was authenticated by a business records affidavit, which reflected that the recording was made in the normal course of business of the City of Brownsville. Therefore, the audio was admissible under the business record exception to the hearsay rule, under Texas Rule of Evidence 901. *See Montoya v. State*, 43 S.W.3d 568, 570-71 (Tex. App.--Waco 2001, no pet.) (holding that a 911 tape was properly authenticated and admissible when the custodian testified that the tape was made in the ordinary course of business and was made at or near the time of the event recorded).

Further, even assuming that the 911 audio was improperly admitted because it contained hearsay, this Court should nevertheless find that it is not reversible error. The erroneous admission of hearsay is non-constitutional error. *Johnson v. State*, 967 S.W.2d 410, 417 (Tex. Crim. App. 1998). This Court must disregard non-constitutional errors that do not affect a criminal defendant's "substantial rights." *See* Tex. R. App. P. 44.2(b). Under this standard, an error is reversible only when it had a substantial and injurious effect or influence in determining the jury's verdict.

*Taylor v. State*, 268 S.W.3d 571, 592 (Tex. Crim. App. 2008). This Court should not overturn a conviction if the Court has fair assurance from an examination of the record as a whole that the error did not influence the jury, or had but slight effect. *Id*. Additionally, erroneous admission of evidence is not reversible error if the same or similar facts are proved by other properly admitted evidence. *Brooks v. State*, 990 S.W.2d 278, 287 (Tex. Crim. App. 1999); *Anderson v. State*, 717 S.W.2d 622, 627 (Tex. Crim. App. 1986).

In the present case, the sponsoring witness also testified as to what she told the 911 operator at the time that she called. (R.R. Vol. 9, p. 57). Therefore, the statements contained on the 911 audio were also admitted into evidence through the testimony of witness Sarah Williams. Accordingly, the error herein, if any, is not reversible, and Appellant's fourth issue should be overruled.

### State's Response to Appellant's Fifth Issue

In his fifth issue, Appellant complains that his conviction should be set aside because the trial court allowed the introduction of certain photographs without allowing Appellant to voir dire the sponsoring witness as to the authenticity of the photos. The State responds by asserting that the trial court did not err in refusing Appellant's request to voir dire the sponsoring witness to the authenticity of the

photographs.

Appellant fails to cite to any legal authority to support his argument that the trial court erred in failing to allow Appellant to take the sponsoring witness on voir dire. Accordingly, this issue should be overruled as it is inadequately briefed. Tex. R. App. P. 38.1(i).

Alternatively, the State acknowledges that all testimony must be based on the personal knowledge of the witness. Tex. R. Evid. 602. When there is some reason to doubt whether the witness possesses the requisite personal knowledge, it may be appropriate for the court to afford the opposing party a chance to take the witness on voir dire. But it is neither reasonable nor practical to permit such voir dire when there is no apparent reason for doubting that the witness is testifying from personal knowledge. *Shugars v. State*, 814 S.W.2d 897, 898 (Tex. App.--Austin 1991, no pet.).

In the instant cause, counsel did not object that the witness lacked personal knowledge nor did he state any basis for doubting that the witness had personal knowledge. Appellant's brief does not refer this Court to anything in the record that suggests a want of personal knowledge. The trial court did not abuse its discretion by overruling the apparently baseless request to voir dire the witness.

Accordingly, Appellant's fifth issue should be overruled.

### State's Response to Appellant's Sixth Issue

In his sixth issue, Appellant complains that State's Exhibit 9 was improperly admitted into evidence, because the proper chain of custody was not established. The State responds by asserting that said exhibit was properly admitted into evidence.

The admission of evidence is a matter within the discretion of the trial court. *See Montgomery v. State*, 810 S.W.2d 372, 378 (Tex. Crim. App. 1990)(opinion on reh'g). Accordingly, the trial court's admission of evidence is reviewed under an abuse of discretion standard. *See id*. at 379–80. As long as the trial court's ruling was within the "zone of reasonable disagreement," there is no abuse of discretion and the trial court's ruling will be upheld. *See Rachal v. State*, 917 S.W.2d 799, 807 (Tex. Crim. App. 1996); *Montgomery*, 810 S.W.2d at 391. The trial judge does not abuse his discretion when he admits evidence based on the belief that a reasonable juror could find that the evidence has been authenticated or identified. *See Pondexter v. State*, 942 S.W.2d 577, 586 (Tex. Crim. App. 1996).

Appellant contends that the trial court erred in admitting into evidence a buccal swab that was submitted to the D.P.S. Lab for forensic testing. He specifically complains that the State failed to establish a proper chain of custody.

Texas Rule of Evidence 901 governs authentication. *See* Tex. R. Evid. 901. As a predicate to admissibility, Rule 901 requires a party who offers an item into

evidence to establish to the trial judge's satisfaction that the item is what the party represents it to be. *See id*. When the evidence being introduced does not have any unique characteristics, a chain of custody may be required to prove that the item presented in trial is the same one involved in the events at issue. *See Jackson v. State*, 968 S.W.2d 495, 500 (Tex. App.--Texarkana 1998, pet. ref'd). Likewise, to admit the results of scientific testing, a proper chain of custody must be established. *See, e.g., Smith v. State*, 450 S.W.2d 92, 94 (Tex. Crim. App. 1970); *Garner v. State*, 848 S.W.2d 799, 803 (Tex. App.--Corpus Christi 1993, no writ); *Moone v. State*, 728 S.W.2d 928, 930 (Tex. App.--Houston [14th Dist.] 1987, no writ).

The chain of custody is conclusively established if an officer testifies that he seized the item of physical evidence, tagged it, placed an identifying mark on it, placed it in evidence storage, and retrieved the item for trial. *Lagrone v. State*, 942 S.W.2d 602, 617 (Tex. Crim. App. 1997). Similarly, when evidence is sent to a laboratory for analysis, to conclusively establish the chain of custody, the proponent must introduce testimony showing the laboratory handled the evidence the same way. *See Medellin v. State*, 617 S.W.2d 229, 232 (Tex. Crim. App. [Panel Op.] 1981). However, when the State completes the chain of custody from the initial collection of the evidence to inside the laboratory, most questions concerning care and custody, including gaps and minor theoretical breaches, go to the weight of the evidence, not

its admissibility. *See Medellin*, 617 S.W.2d at 232; *Silva v. State*, 989 S.W.2d 64, 68 (Tex. App.--San Antonio 1998, pet. ref'd); *Stone v. State*, 794 S.W.2d 868, 870 (Tex. App.--El Paso 1990, no writ).

This Court has before it the following evidence concerning the chain of custody of the Appellant's buccal swab:

1)      Officer Yanes obtained a buccal swab from the Appellant at Valley Baptist Medical Center and placed it in a sealed envelope;

2)      Officer Yanes submitted the swab to the Texas Department of Public Safety laboratory in Weslaco;

3)      It was retrieved and brought to court by Harlingen Police Department evidence technician Rick Vela. (R.R. Vol. 12, pp. 112-116).

In this regard, Appellant essentially asserts that the State did not prove the all the links in the chain of custody and therefore the trial judge abused his discretion in admitting the results of the analysis. However, the witness did testify to a complete chain of custody, from initial collection to inside the laboratory. Further, Rule 901 only requires a showing that satisfies the trial judge that the item in question is what the State claims. *See* Tex. R. Evid. 901; *Garner v. State*, 939 S.W.2d 802, 805 (Tex. App.--Ft. Worth 1997, pet. ref'd). Accordingly, this Court should conclude the information elicited from the State was sufficient for the trial judge to have found that the items the State's expert relied upon in drawing his conclusions about the DNA

evidence were what they purported them to be. *See Avila v. State*, 18 S.W.3d 736, 739-40 (Tex. App.--San Antonio 2000, no pet.). Because there is no abuse of discretion, this Court should overrule Appellant's sixth issue.

***State's Response to Appellant's Seventh, Eighth and Tenth Issues***

In his seventh, eighth and tenth issues, Appellant complains that his conviction should be set aside because the trial court allowed the introduction of blood swabs and buccal swabs without allowing Appellant to voir dire the sponsoring witness as to the authenticity of said swabs. The State responds by asserting that the trial did not err in denying Appellant the opportunity to voir dire said witness.

Appellant fails to cite to any legal authority to support his argument that the trial court erred in failing to allow Appellant to take the sponsoring witness on voir dire. Accordingly, this issue should be overruled as it is inadequately briefed. Tex. R. App. P. 38.1(i).

Alternatively, the State acknowledges that all testimony must be based on the personal knowledge of the witness. Tex. R. Evid. 602. When there is some reason to doubt whether the witness possesses the requisite personal knowledge, it may be appropriate for the court to afford the opposing party a chance to take the witness on voir dire. But it is neither reasonable nor practical to permit such voir dire when there

is no apparent reason for doubting that the witness is testifying from personal knowledge. *Shugars v. State*, 814 S.W.2d 897, 898 (Tex. App.--Austin 1991, no pet.).

In the instant cause, counsel did not object that the witness lacked personal knowledge nor did he state any basis for doubting that the witness had personal knowledge. Appellant's brief does not refer this Court to anything in the record that suggests a want of personal knowledge. The trial court did not abuse its discretion by overruling the apparently baseless request to voir dire the witness.

Accordingly, Appellant's seventh, eighth, and tenth issues should be overruled.

### State's Response to Appellant's Ninth Issue

In his ninth issue, Appellant complains that his conviction should be set aside because the trial court improperly allowed the admission of evidence which was not complete. The State responds by asserting that Appellant's complaint is not at all clear from the argument and the record.

Appellant complains that at the time the State offered text messages, the trial court did not allow into evidence additional text messages under the rule of optional completeness; however, Appellant has not indicated where in the record this alleged error is found. The State asserts that Appellant has not complied with Rule 38.1(i)

of the Texas Rules of Appellate Procedure by failing to state concisely the facts relating to issue two, supported by record references, and by failing to state clearly and concisely the argument with citations to the record. *See* Tex. R. App. P. 38.1(i) ("The brief must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record."); see also *Alvarado*, 912 S.W.2d at 210 ("As an appellate court, it is not our task to pore through hundreds of pages of record in an attempt to verify an appellant's claims."); *Cook*, 611 S.W.2d at 87 ("This court with its tremendous caseload should not be expected to leaf through a voluminous record hoping to find the matter raised by appellant and then speculate whether it is that part of the record to which appellant had reference.").

Alternatively, the State notes that at the time the State offered the record of the text messages into evidence, Appellant's counsel was allowed to take the State's witness on voir dire, and then objected to the admission of the evidence pursuant to Rule 107, arguing that all text messages should be offered. The trial court overruled the objection, but noted that she would consider the admission of the rest of the text messages at a later time. (R.R. Vol. 11, pp. 220-24). Appellant did indeed recall the State's sponsoring witness and did move to admit the missing text messages, and said messages were admitted by the trial court, without objection. (R.R. Vol. 14, p. 17). Accordingly, the "missing" text messages were, in fact, considered by the jury, and

they are a part of the appellate record herein.  (R.R. Vol. 18, DX 2).

Because the trial court did admit the text messages offered by Appellant, there is nothing to review on appeal.  Therefore, Appellant's ninth issue should be overruled.


### *State's Response to Appellant's Eleventh Issue*

In his eleventh issue, Appellant complains that the trial court erred in allowing a speech pathologist to testify as to a privileged communication.  The State responds by asserting that there is no privilege protecting the communications between Appellant and the witness herein.

In the present case, the State called speech pathologist Lorie Ann Watson to testify concerning certain communications made by Appellant to Ms. Watson.  Appellant objected on the grounds that these communications were privileged under the physician-patient privilege.  (R.R. Vol. 12, p. 251).  The trial court overruled Appellant's objection and allowed the speech pathologist to testify.

Appellant urges that the physician-patient privilege was violated.  There is, however, no physician-patient privilege in Texas criminal proceedings except under limited circumstances not here applicable.  *See* Tex. R. Evid. 509(b).  *See also State v. Hardy*, 963 S.W.2d 516, 523 (Tex. Crim. App. 1997); *Richardson v. State*, 865

S.W.2d 949, 953 n. 7 (Tex. Crim. App. 1993); *Peto v. State*, 51 S.W.3d 326, 327 (Tex. App.--Houston [1st Dist.] 2001, pet. ref'd). Thus, there is no physician-patient privilege in Texas criminal cases upon which Appellant may rely to support his contention on appeal.

Appellant further argues that the testimony of the speech pathologist should have been excluded because Appellant was never given his Miranda warnings prior to communicating with her. However, Appellant did not object in the trial court on these grounds.

To preserve error for appellate review, the Texas Rules of Appellate Procedure require that the record show that the objection "stated the grounds for the ruling that the complaining party sought from the trial court with sufficient specificity to make the trial court aware of the complaint, unless the specific grounds were apparent from the context." Tex. R. App. P. 33.1(a)(1)(A). The point of error on appeal must comport with the objection made at trial. *Clark v. State*, 365 S.W.3d 333, 339 (Tex. Crim. App. 2012); *Thomas v. State*, 723 S.W.2d 696, 700 (Tex. Crim. App. 1986). Therefore, if a party fails to properly object at trial, even constitutional errors can be forfeited. *Briggs v. State*, 789 S.W.2d 918, 924 (Tex. Crim. App. 1990).

Because these grounds on appeal do not comport with the objection made at trial, these grounds were not preserved for appellate review. Accordingly,

Appellant's eleventh issue should be overruled.

### *State's Response to Appellant's Twelfth Issue*

In his twelfth issue, Appellant complains that the trial court erred in not allowing Appellant to conduct a voir dire examination of two expert witnesses. The State responds by asserting that Appellant has failed to preserve this issue for appellate review.

To preserve error for appellate review, the record must show that the party made a specific objection on the record and received an adverse ruling on that objection. *See* Tex. R. App. P. 33.1(a); *Turner v. State*, 805 S.W.2d 423, 431 (Tex. Crim. App. 1991). To make a specific objection, a party must "let the trial judge know what he wants, why he thinks himself entitled to it, and ... do so clearly enough for the judge to understand him at a time when the trial court is in a proper position to do something about it." *Lankston v. State*, 827 S.W.2d 907, 909 (Tex. Crim. App. 1992). Notwithstanding a party's failure to make a specific objection, error will be preserved if a specific objection was apparent from the context. *See* Tex. R. App. P. 33.1(a)(1)(A); *see also* Tex. R. Evid. 103(a)(1).

A party in a criminal case has a procedural right to voir dire an expert under Rule 705(b) of the Texas Rules of Evidence. Under this rule, a trial court must grant

a party's "request to conduct a voir dire examination directed to the underlying facts or data upon which the opinion is based," and this examination is conducted outside the presence of the jury. Tex. R. Evid. 705(b). The purpose of this examination is twofold: (1) it allows the defendant to determine the foundation of the expert's opinion without the fear of eliciting inadmissible evidence in the jury's presence, and (2) it may supply the defendant with "sufficient ammunition to make a timely objection to the expert's testimony on the ground that it lacks a sufficient basis for admissibility." *Goss v. State*, 826 S.W.2d 162, 168 (Tex. Crim. App. 1992); *see also* Tex. R. Evid. 705(c) ("If the court determines that the underlying facts or data do not provide a sufficient basis for the expert's opinion under Rule 702 or 703, the opinion is inadmissible.").

A party's argument that the trial court failed to conduct a properly requested Rule 705(b) hearing is a distinct argument from one challenging the qualifications of an expert. *See Jenkins v. State*, 912 S.W.2d 793, 814 (Tex. Crim. App. 1993); *see also Ghahremani v. State*, No. 14–06–00729–CR, 2007 WL 3146723, at *5, *8 (Tex. App.--Houston [14th Dist.] Oct. 30, 2007, pet. ref'd) (mem. op., not designated for publication) (addressing separately the issues of whether the expert was qualified and whether the court improperly denied appellant's request for a Rule 705(b) hearing). Thus, an objection based on an expert's lack of qualifications does not preserve for

our review the issue of whether the court erred in denying a proper request for a Rule 705(b) hearing. *Jenkins*, 912 S.W.2d at 814; *Shaw v. State*, 329 S.W.3d 645, 655-56 (Tex. App.--Houston [14th Dist.] 2010, pet. ref'd).

In the present case, while the State's pathologist Dr. Elizabeth Miller was testifying, Appellant objected and complained that she was not qualified to testify as an expert in ballistics or ammunition. (R.R. Vol. 13, pp. 30, 37-38, 45-46). However, nowhere in these sections of the record (which Appellant cites in his brief) does Appellant request a Rule 705(b) hearing; and therefore, Appellant has not preserved this issue for appellate review. *Jenkins*, 912 S.W.2d at 814. Moreover, while the State's expert witness on gun residue was testifying, Appellant objected to the witness's testimony concerning certain exhibits, but did not state the basis of his objection. (R.R. Vol. 11, 110). Appellant then asked to voir dire the witness, apparently to question him concerning the exhibits. Said request was denied. (R.R. Vol. 11, 110). At no time did Appellant "request to conduct a voir dire examination directed to the underlying facts or data upon which the opinion is based," outside the presence of the jury. Tex. R. Evid. 705(b). Therefore, this Court should find that Appellant has failed to preserve his request to voir dire said witness under Rule 705(b).

Assuming, however, that the trial court did err in denying Appellant's voir dire

request, this Court must then determine whether the error was "so harmful as to require reversal." *Goss v. State*, 826 S.W.2d 162, 168 (Tex. Crim. App. 1992). Because the error is not constitutional, this Court should only reverse if it affected Appellant's substantial rights; otherwise, the error must be disregarded. Tex. R. App. P. 44.2(b); Tex. R. Evid. 103(a). In making this determination, this Court should consider the entire record to decide whether the error had a substantial or injurious effect on the verdict of guilt. *Morales v. State*, 32 S.W.3d 862, 867 (Tex. Crim. App. 2000). Where the reviewing court has fair assurance that the error did not influence the jury or had but a slight effect, the conviction will stand. *Id.*; *McDonald v. State*, 179 S.W.3d 571, 578 (Tex. Crim. App. 2005).

In the present case, Appellant has failed to make any argument as to how the error (if any) had a substantial or injurious effect on the verdict of guilt. Therefore, this Court should find that Appellant has failed to adequately brief this issue of harm. Tex. R. App. P. 38.1(i).

Accordingly, Appellant's twelfth issue should be overruled.


***State's Response to Appellant's Thirteenth Issue on Appeal***

In his thirteenth issue, Appellant complains that the trial judge commented on the weight of the evidence and conveyed her opinion of the case to the jury. The

State responds by asserting that the trial court did not comment on the weight of the evidence nor did the trial judge convey her opinion of the case to the jury.

Due process requires a neutral and detached hearing body or officer. *Gagnon v. Scarpelli*, 411 U.S. 778, 786 (1973). The Texas Constitution requires no less. *Earley v. State*, 855 S.W.2d 260, 262 (Tex. App.--Corpus Christi 1993), pet. dism'd, improvidently granted, 872 S.W.2d 758 (Tex. Crim. App. 1994). This Court should presume the trial court was neutral and detached absent a clear showing to the contrary. *See id.*; *Fielding v. State*, 719 S.W.2d 361, 366 (Tex. App.--Dallas 1986, pet. ref'd). Trial courts have the right to manage the trial, including the order of proof. *Silva v. State*, 635 S.W.2d 775, 778 (Tex. App.--Corpus Christi 1982, pet. ref'd). When courts ask witnesses questions during jury trials, they must avoid conveying their opinion on the facts to the jury and becoming an advocate for a particular position. *Moreno v. State*, 900 S.W.2d 357, 359 (Tex. App.--Texarkana 1995, no pet.).

A trial judge is permitted to question a witness when seeking information only, to clarify a point, or to get the witness to repeat something that the judge could not hear. *See Brewer v. State*, 572 S.W.2d 719, 721 (Tex. Crim. App. [Panel Op.] 1978); *Ash v. State*, 420 S.W.2d 703, 705 (Tex. Crim. App. 1967); *Hopperwood v. State*, 39 Tex.Crim. 15, 44 S.W. 841, 842 (1898). There are two dangers when the judge goes

beyond this permissible questioning: (1) the judge may somehow convey his or her opinion of the case to the jury and ultimately influence the jury's decision (*Morrison v. State*, 845 S.W.2d 882, 886 n. 10 (Tex. Crim. App. 1992)); and (2) the judge in the zeal of his or her active participation may become an advocate in the adversarial process and lose the neutral and detached role required for the fact finder and the judge.

There are numerous Texas cases dealing with the first danger. *Munoz v. State*, 485 S.W.2d 782, 784 (Tex. Crim. App. 1972); *Ash*, 420 S.W.2d at 705; *Drake v. State*, 65 Tex. Crim. 282, 143 S.W. 1157, 1158 (1912); *Betancourt v. State*, 657 S.W.2d 451 (Tex. App.--Corpus Christi 1983, pet. ref'd).

Appellant complains in his brief about two instances in which the trial court made comments from the bench. (R.R. Vol. 13, pp. 67, 75-76). Appellant claims that these comments violate article 38.05, which reads in part, "the judge shall not ... make any remark calculated to convey to the jury his opinion of the case." Tex. Code Crim. Proc. art. 38.05. The trial record demonstrates Appellant's counsel failed to object specifically to these comments, in connection with the first incident. (R.R. Vol. 13, p. 67). In order to preserve an error for appellate review, a party must make an objection to the court and the court must explicitly or implicitly make an adverse ruling or refuse to rule on that objection. Tex. R. App. P. 33.1; *see Flores v. State*,

871 S.W.2d 714, 723 (Tex. Crim. App. 1993). Thus, Appellant has waived this complaint by not stating his objection with specificity and preserving it for appeal. *See Resendez v. State*, 160 S.W.3d 181, 189-90 (Tex. App.--Corpus Christi 2005, no pet.) (holding that without a specific objection, a defendant waives his complaint that a judge has conveyed his opinion about the case to the jury); *see also Mestiza v. State*, 923 S.W.2d 720, 724 (Tex. App.--Corpus Christi 1996, no pet.) ("[a] timely proper objection is necessary to preserve error concerning a trial judge's comment"). Further, it is clear from the record that the comments made in connection with the second incident do not violate this section of the code of criminal procedure, as they do not convey the judge's opinion about the case. (R.R. Vol. 13, pp. 75-76). The question asked by the trial judge was merely seeking clarification as to whether the witness's training or education qualified her to answer a question about gunshot wounds and the trajectory of such wounds. (R.R. Vol. 13, pp. 75-76). This type of questioning is permissible, as the judge was merely seeking information only, or clarification of her training, or to get the witness to repeat a summary of her training, which the judge did not hear. *Brewer*, 572 S.W.2d at 721; *Ash*, 420 S.W.2d at 705.

Accordingly, Appellant's thirteenth issue should be overruled.

***State's Response to Appellant's Fourteenth Issue***

In his fourteenth issue, Appellant complains that the trial court's assisting the State, by suggesting predicates for the submission of evidence, had sufficient cumulative effect to deprive Appellant of his constitutional rights. The State responds by asserting that Appellant has failed to demonstrate how non-errors can in their cumulative effect cause error.

Although Appellant does not specify the incidents which are the basis of his complaint in issue fourteen, the State would assume that Appellant complains of the same incidents which are the basis of issue thirteen. (R.R. Vol. 13, pp. 67, 75-76). Appellant complains that the cumulative effect of these incidents constitute error. In support of this issue, Appellant cites two cases, *Wilson v. State*, 71 S.W.3d 346 (Tex. Crim. App. 2002), and *Chamberlain v. State*, 998 S.W.2d 230 (Tex. Crim. App. 1999). Neither of these cases support the relief that Appellant seeks through this issue. The Court of Criminal Appeals in *Wilson* noted that "in order to preserve error for appellate review, the complaining party must make a specific objection and obtain a ruling on the objection." *Wilson*, 71 S.W.3d at 349. As previously noted, Appellant failed to object to the first incident. (R.R. Vol. 13, pp. 67).

Further, the Court in *Chamberlain* stated that it is conceivable that a number of errors may be found harmful in their cumulative effect; however, the Court went

on to state, "we are aware of no authority holding that non-errors may in their cumulative effect cause error." *Chamberlain*, 998 S.W.2d at 238. As previously noted, the comments made by the trial judge in connection with the second incident do not violate this section of the code of criminal procedure, as they do not convey the judge's opinion about the case. (R.R. Vol. 13, pp. 75-76). The question asked by the trial judge was merely seeking clarification as to whether the witness's training or education qualified her to answer a question about gunshot wounds and the trajectory of such wounds. (R.R. Vol. 13, pp. 75-76). This type of questioning is permissible, as the judge was merely seeking information only, or clarification of her training, or to get the witness to repeat a summary of her training, which the judge did not hear. *Brewer*, 572 S.W.2d at 721; *Ash*, 420 S.W.2d at 705. Accordingly, the cumulative effect of this non-error cannot cause error. *Chamberlain*, 998 S.W.2d at 238.

Accordingly, Appellant's fourteenth issue should be overruled.

***State's Response to Appellant's Fifteenth Issue***

In his fifteenth issue, Appellant complains that the trial court erred by failing to provide the jury with a lesser included charge on the offense of aggravated assault. The State responds by asserting that Appellant was not entitled to the lesser included

charge.

In determining whether a defendant is entitled to a charge on a lesser included offense, the Court of Criminal Appeals set forth a two-step test in *Hall v. State*, 225 S.W.3d 524, 535-36 (Tex. Crim. App. 2007). The first step in the lesser-included-offense analysis, determining whether an offense is a lesser-included offense of the alleged offense, is a question of law. It does not depend on the evidence to be produced at the trial. It may be, and to provide notice to the defendant must be, capable of being performed before trial by comparing the elements of the offense as they are alleged in the indictment or information with the elements of the potential lesser-included offense. *Id.*

The second step in the analysis should ask whether there is evidence that supports giving the instruction to the jury. "A defendant is entitled to an instruction on a lesser-included offense where the proof for the offense charged includes the proof necessary to establish the lesser-included offense and there is some evidence in the record that would permit a jury rationally to find that if the defendant is guilty, he is guilty only of the lesser-included offense." *Bignall v. State*, 887 S.W.2d 21, 23 (Tex. Crim. App. 1994) (*citing Rousseau v. State*, 855 S.W.2d 666, 673 (Tex. Crim. App. 1993). In this step of the analysis, anything more than a scintilla of evidence may be sufficient to entitle a defendant to a lesser charge. *Bignall*, 887 S.W.2d at 23.

In other words, the evidence must establish the lesser-included offense as "a valid, rational alternative to the charged offense." *Forest v. State*, 989 S.W.2d 365, 367 (Tex. Crim. App. 1999) (*quoting Arevalo v. State*, 943 S.W.2d 887, 889 (Tex. Crim. App. 1997, *overruled on other grounds Grey v. State*, 298 S.W.3d 644 (Tex. Crim. App. 2009)).

Without conceding that the first step of this two-step test, the State would note that Appellant has not cited to anywhere in the record that would demonstrate that the jury heard some evidence that would have permitted a rational jury to find that if Appellant was guilty, he was guilty *only* of the lesser-included offense.

Alternatively, the State would argue that Appellant presented evidence that he blacked out and had not recollection of having murdered the two victims. (R.R. Vol. 14, pp. 80-82). Appellant argues that based on this evidence a jury could have concluded that he did not have the intent to kill the victims, but rather only injure them. (R.R. Vol. 15, pp. 5-6). The State responds by noting that the Texas Court of Criminal Appeals has held that a defendant's "lack of normal impulse control is simply not a circumstance recognized by the Legislature to diminish the criminal responsibility of an accused or reduce his crime to a lesser included offense." *Wagner v. State*, 687 S.W.2d 303, 312 (Tex. Crim. App. 1984) (op. on reh'g). It is clear that there is no "diminished capacity" defense to defeat the element of *mens rea*

during the guilt-innocence phase of trial. *Id.*; *Jackson v. State*, 115 S.W.3d 326, 330 (Tex. App.--Dallas 2003), *aff'd*, 160 S.W.3d 568 (Tex. Crim. App. 2005); *Thomas v. State*, 886 S.W.2d 388, 391 (Tex. App.--Houston [1st Dist.] 1994, pet. ref'd); *De La Garza v. State*, 650 S.W.2d 870, 876 (Tex. App.--San Antonio 1983, pet. ref'd). Accordingly, Appellant has failed to establish that he was entitled to a charge on the lesser included offense of aggravated assault.

Appellant's fifteenth issue should be overruled.


### *State's Response to Appellant's Sixteenth Issue*

In his sixteenth issue, Appellant complains that the State committed reversible error by making improper comments during closing argument. The State responds by asserting that it is not at all clear what Appellant is talking about.

Appellant complains of certain statements made by counsel for the State during closing argument. Specifically, Appellant alleges that counsel for the State made reference to the Appellant being away for three and one-half years, and that he was helped by his family. (Appellant's Brief, p. 67). Appellant argues that these statements are a comment on Appellant's failure to testify or offer evidence. (Appellant's Brief, p. 68). It is not at all clear what Appellant means by these arguments, because Appellant did testify! (R.R. Vol. 14, pp. 58-153). Further,

Appellant makes reference to these statements supposedly made by the State during closing argument; however, Appellant provide record cites which are to voir dire proceedings. (See Appellant's Brief, p. 67-68, citing R.R. Vol. 7, pp. 66, 76). Without the proper citation to the record, it is impossible to determine the context of these statements, and therefore, it is impossible to determine whether Appellant's complaint has any merit. Because Appellant has failed to include proper record cites, this issue should be overruled. Tex. R. App. P. 38.1(i) ("The brief must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record."); see also *Alvarado*, 912 S.W.2d at 210 ("As an appellate court, it is not our task to pore through hundreds of pages of record in an attempt to verify an appellant's claims."); *Cook*, 611 S.W.2d at 87 ("This court with its tremendous caseload should not be expected to leaf through a voluminous record hoping to find the matter raised by appellant and then speculate whether it is that part of the record to which appellant had reference.").

Accordingly, Appellant's sixteenth issue should be overruled.

***State's Response to Appellant's Seventeenth Issue***

In his seventeenth issue, Appellant complains that the trial court erred in re-sentencing him after he had already been sentenced. The State responds by asserting

that the trial court was within its authority to pronounce a legal sentence, after the court had previously pronounced a sentence that was not authorized by law.

A sentence that is outside the maximum or minimum range of punishment is unauthorized by law and therefore illegal. *Ex parte Pena*, 71 S.W.3d 336 n. 2 (Tex. Crim. App. 2002) ("[a] 'void' or 'illegal' sentence is one that is not authorized by law"); *Ex parte Seidel*, 39 S.W.3d 221, 225 n. 4 (Tex. Crim. App. 2001) ("this Court has long held that a sentence is void when the punishment is unauthorized"); *Ex parte Beck*, 922 S.W.2d 181, 182 (Tex. Crim. App. 1996). A defendant may obtain relief from an unauthorized sentence on direct appeal or by a writ of habeas corpus. *See Ex parte Pena*, 71 S.W.3d at 337 n. 4, 338. Traditionally, the State could seek mandamus relief to rectify an illegal or unauthorized sentence. *See State ex rel. Vance v. Hatten*, 600 S.W.2d 828, 831 (Tex. Crim. App. 1980); *State ex rel. Curry v. Gray*, 599 S.W.2d 630, 632 (Tex. Crim. App. 1980). In these instances, the State could even seek a resentencing by filing a motion to reopen punishment in the trial court, long after that court had lost plenary jurisdiction over the case. *See Villarreal v. State*, 590 S.W.2d 938, 938-39 (Tex. Crim. App. 1979); *Banks v. State*, 29 S.W.3d 642, 645 (Tex. App.--Houston [14th Dist.] 2000, pet. ref'd) (holding that State was entitled to file a motion for resentencing in trial court because defendant's original sentence was "illegal and void"). There has never been anything in Texas law that

prevented any court with jurisdiction over a criminal case from noticing and correcting an illegal sentence. *Mizell v. State*, 119 S.W.3d 804, 806 (Tex. Crim. App. 2003).

In the present case, Appellant was found guilty of the offense of capital murder and was initially sentenced to a life sentence. (R.R. Vol. 15, p. 64). The Texas Penal Code requires that Appellant be sentenced to a life sentence, without the possibility of parole. Tex. Penal Code §12.31. On February 24, 2014, ten days after Appellant's sentence was initially pronounced in open court, Appellant was brought back into court and the trial judge clarified that Appellant was sentenced to a life sentence, without parole. (R.R. Vol. 16, p. 4). In light of the foregoing authorities, the trial court did not err in bringing Appellant back to pronounce the sentence required by law.

Accordingly, Appellant's seventeenth issue should be overruled.


**PRAYER**

**WHEREFORE, PREMISES CONSIDERED**, the State of Texas prays that this Court will overrule Appellant's issues on appeal, and affirm both the judgment of conviction and the sentence herein.

Respectfully Submitted,

**LUIS V. SAENZ**
**Cameron County District Attorney**
964 East Harrison Street, 4th Floor
Brownsville, Texas  78520
Phone: (956) 544-0849
Fax: (956) 544-0869


By:  */s/ René B. González*
**René B. González**
Assistant District Attorney
State Bar No. 08131380
rgonzalez1@co.cameron.tx.us

**Attorneys for the State of Texas**


## CERTIFICATE OF COMPLIANCE

I certify that this document contains 9,546 words (excluding the cover, table of contents and table of authorities).  The body text is in 14 point font, and the footnote text is in 12 point font.


*/s/ René B. González*
René B. González

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing State's Appellate Brief was e-mailed to Mr. Alfredo Padilla, Attorney at Law, 777 East Harrison Street, Brownsville, Texas 78520, at apad130478@aol.com on the 23th day of March, 2015.

/s/ René B. González
René B. González